| | |
|---|---|
| **CLARKSON LAW FIRM, P.C.**<br>Ryan J. Clarkson (SBN 257074)<br>*rclarkson@clarksonlawfirm.com*<br>Shireen M. Clarkson (SBN 237882)<br>*sclarkson@clarksonlawfirm.com*<br>Katherine A. Bruce (SBN 288694)<br>*kbruce@clarksonlawfirm.com*<br>Kelsey J. Elling (SBN 337915)<br>*kelling@clarksonlawfirm.com*<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Tel: (213) 788-4050<br>Fax: (213) 788-4070<br><br>*Attorneys for Plaintiffs* | **HAYNES AND BOONE, LLP**<br>Mark D. Erickson (SBN 104403)<br>*mark.erickson@haynesboone.com*<br>600 Anton Blvd., Ste. 700<br>Costa Mesa, CA 92626<br>Tel: (949) 202-3000<br>Fax: (949) 202-3001<br><br>Michelle C. Jacobs (*pro hac vice*)<br>*michelle.jacobs@haynesboone.com*<br>2323 Victory Ave., Ste. 700<br>Dallas, TX 75219<br>Tel: (214) 651-5000<br>Fax: (214) 651-5940<br><br>*Attorneys for Defendant* |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TARA FARRELL, HENLY VELARDE, and DOUGLAS WELLS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW MILLENNIUM CONCEPTS, LTD.,<br><br>Defendant. | Case No.  2:21-cv-01691-JAM-JDP<br>Case Filed: September 16, 2021<br><br>*Assigned to Hon. John A. Mendez, United States District Court Judge; and Jeremy D. Peterson, United States Magistrate Judge*<br><br>**STIPULATION AND ORDER RE: PLAINTIFFS'** ***EX PARTE*** **MOTION RE: INADVERTENTLY OMITTED EXHIBIT 7 IN SUPPORT OF PLAINTIFFS' OPPOSITIONS TO DEFENDANT'S RULE 12(b)(2) MOTION AND MOTION TO TRANSFER VENUE**<br><br>Rule 12(b)(6) MTD-FSC: 1/25/2022<br>Rule 12(b)(2) MTD-PJ: 1/25/2022<br>28 U.S.C. § 1404 MTTV: 1/25/2022 |

Plaintiffs Tara Farrell, Henly Velarde, and Douglas Wells ("**Plaintiffs**") and Defendant New Millennium Concepts, Ltd. ("**Defendant**") hereby enter into the following stipulation regarding Plaintiffs' *Ex Parte* Motion for Relief from Inadvertently Omitted Exhibit 7 in Support of Plaintiffs' Oppositions to Defendant's Rule 12(b)(2) and Rule 12(b)(3) Motions and to Extend or Continue

-1-
STIPULATION AND ORDER RE: INADVERTENTLY OMITTED EXHIBIT 7

1  Related Dates (Dkt. 27) ("**Plaintiffs' Ex Parte Motion**"). Granting the relief requested herein would
2  fully resolve and moot the issues raised in Plaintiffs' Ex Parte Motion.

### RECITALS

4  1.  WHEREAS, on September 16, 2021, Plaintiffs filed this putative class action against
5  Defendant to assert false advertising and warranty claims on behalf of California and United States
6  consumers (Compl., Dkt. 1);

7  2.  WHEREAS, on November 11, 2021, Defendant filed three motions in response to the
8  Complaint, which were originally set for hearing on January 25, 2022[1]—specifically, a Fed. R. Civ.
9  P. 12(b)(2) motion to challenge personal jurisdiction (Dkt. 11) ("**Defendant's Rule 12(b)(2)**
10 **Motion**"); a motion to transfer venue[2] (Dkt. 12) ("**Defendant's Motion to Transfer Venue**"); and
11 a Fed. R. Civ. P. 12(b)(6) motion to challenge the sufficiency of allegations in the complaint to state
12 a claim (Dkt. 13) ("**Defendant's Rule 12(b)(6) Motion**") (collectively, "**Defendant's Motions**");

13 3.  WHEREAS, based on the January 25, 2022 hearing date, Plaintiffs' oppositions were
14 due on January 11, 2022, and Defendant's replies were due on January 18, 2022 (L.R. 230(c),
15 230(d));

16 4.  WHEREAS, on January 11, 2022, Plaintiffs filed oppositions to Defendant's Motions
17 (Dkt. 17-20), including a single set of evidence (declarations and exhibits) to support Plaintiffs'
18 oppositions to Defendant's Rule 12(b)(2) Motion and Motion to Transfer Venue (Dkt. 19-1 to 19-
19 8; Dkt. 20; *see also* Corr. Opp. MTD-PJ, Dkt. 21 (re-filed 1/12/2022 with corrected case number);[3]

---

[1] The Court recently issued a minute order vacating the hearing pursuant to Local Rule 230(g). Dkt. 28.

[2] In Plaintiffs' Ex Parte Motion, Plaintiffs referred to Defendant's pending Motion to Transfer Venue as a Rule 12(b)(3) motion. Dkt. 27. Defendant's motion is actually brought under 28 U.S.C. §1404. Dkt. 12.

[3] Plaintiffs' memorandum of points and authorities in support of their opposition to Defendant's personal jurisdiction motion was filed close to midnight on January 11, 2022. Dkt. 18. Plaintiffs' memorandum of points and authorities in support of their opposition to Defendant's venue motion, including the omnibus set of evidence in support of both oppositions, were filed at around midnight, with the notice of electronic filing confirming the transaction at 12:02 a.m., January 12, 2022. Dkt. 19; *see also* Opp. MTD-PJ, Dkt. 18, at p. 1, n.1 (incorporating facts and evidence from the opposition to transfer venue into the opposition regarding personal jurisdiction to avoid the undue burden of unnecessary duplication); *see also* Corr. Opp MTD-PJ, Dkt. 21 (same). Subsequently, on January 12, 2022, Plaintiffs' counsel received an email from the Court's clerk regarding an incorrect case number inserted in the opposition on personal jurisdiction grounds and requesting its refiling with the corrected case number. Decl. Bruce, Dkt. 27-1, ¶ 3, n.1; *compare* Opp. MTD-PJ, Dkt. 18 *with* Dkt. 21 (correcting case number only). In response, on January 12, 2022, Plaintiffs' counsel

-2-

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

5. WHEREAS, on January 18, 2022, Plaintiffs' counsel realized that Exhibit 7 to Plaintiffs' oppositions to Defendant's Rule 12(b)(2) Motion and Motion to Transfer Venue was inadvertently omitted from the January 11, 2022 filing as a result of Plaintiffs' counsel's clerical error alone, and, as such, Plaintiffs' counsel immediately initiated communications with Defendant's counsel via telephone and email to confer regarding the error and propose a stipulation consistent with the relief requested in Plaintiffs' Ex Parte Motion (Bruce Decl., Dkt. 27-1, ¶ 5; Email Exch., Dkt. 27-2; Opp. MTD-PJ, Dkt. 18, at p. 6; Corr. Opp. MTD-PJ, Dkt. 21; Elling Decl., Dkt. 19-7, ¶ 5);

6. WHEREAS, at around the same time that the parties were conferring on January 18, 2022, Plaintiffs filed a notice of errata that attaches Exhibit 7 (Dkt. 27);

7. WHEREAS, due to the late hour on January 18, 2022, Defendant's counsel was unable to immediately stipulate to the requested relief (Bruce Decl., Dkt. 27-1, ¶¶ 4; Email Exch., Dkt. 27-2);

8. WHEREAS, on January 18, 2022, Plaintiffs filed Plaintiffs' Ex Parte Motion, without delay, to provide the Court with the earliest opportunity to issue orders granting relief and basing it, in part, on heavily disputed arguments regarding the import of Exhibit 7 to establish that irreparable harm would result if this Court grants Defendant's Rule 12(b)(2) Motion without considering Exhibit 7 due to its untimely filing (Dkt. 27; *id.* at ¶¶ 3-8);

9. WHEREAS, Defendant vigorously disputes the import of Exhibit 7 to Defendant's pending Rule 12(b)(2) Motion, but in any event, contends that it has already addressed the issues raised in Exhibit 7 in its recently filed reply (Reply MTD PJ, Dkt. 24, at 1-2);

10. WHEREAS, because Defendant has already addressed the issues raised by Exhibit 7, Defendant and Plaintiffs agree that additional time for briefing or a continuance of the originally scheduled hearing are not required as a result of the late-filed exhibit;

11. WHEREAS, Defendant and Plaintiffs agree that, by this stipulation, it obviates the need to engage in contentious arguments regarding the relevance of Exhibit 7 in the context of an *ex parte* motion because the proposed stipulated orders contained herein should resolve Plaintiffs'

---

refiled the same opposition with a single change to correct the case number. *Id.*

1  Ex Parte Motion without burdening the Court with the review of additional papers;

2      12.    WHEREAS, on January 19 and 20, 2022, Plaintiffs' and Defendant's counsel further conferred via email and telephone regarding the relief requested in Plaintiffs' Ex Parte Motion and, based upon the totality of their efforts and the facts set forth herein, have reached the following agreement that resolves and moots Plaintiffs' Ex Parte Motion without requiring the further expenditure of judicial or party resources on this matter; and

**STIPULATION**

    13.    THEREFORE, the parties further stipulate and agree to the following proposed orders:

    i.    Plaintiffs' Exhibit 7, filed with Plaintiffs' notice of errata on January 18, 2022 (Dkt. 23), will be considered by the Court as though it were timely filed on January 11, 2022, in connection with Plaintiffs' oppositions to Defendant New Millennium Concepts, Ltd.'s Rule 12(b)(2) Motion and Motion to Transfer Venue (Dkt. 11-12 (motions), 18-21 (oppositions));

    ii.    The current briefing schedule in connection with Defendant's Rule 12(b)(6) Motion and Motion to Transfer Venue (Dkt. 11-12) remain unaltered, unless further notified by the Court; and

    iii.    The relief will avoid any undue prejudice to any party, conserve judicial and party resources, and serve the ends of justice.

**IT IS SO STIPULATED.**

Date: January 20, 2022            **CLARKSON LAW FIRM, P.C.**

By: /s/ *Katherine A. Bruce*
    Ryan J. Clarkson, Esq.
    Shireen M. Clarkson, Esq.
    Katherine A. Bruce, Esq.
    Kelsey J. Elling, Esq.

*Attorneys for Plaintiffs*

| | |
|---|---|
| Date: January 20, 2022 | **HAYNES AND BOONE, LLP**<br><br>By: /s/ *Michelle C. Jacobs*<br>      Mark D. Erickson, Esq.<br>      Michelle C. Jacobs, Esq.<br><br>*Attorneys for Defendant* |

**PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.**

| | |
|---|---|
| Date:  January 20, 2022 | /s/ John A. Mendez<br>THE HONORABLE JOHN A. MENDEZ<br>UNITED STATES DISTRICT COURT JUDGE |