UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA FARRELL, HENLY VELARDE, and DOUGLAS WELLS,<br>individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>NEW MILLENNIUM CONCEPTS, LTD.,<br><br>        Defendant. | No.  2:21-cv-01691-JAM-JPD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE AND DENYING AS MOOT DEFENDANT'S MOTIONS TO DISMISS** |

    Before the Court is New Millennium Concepts, LTD's ("NMCL" or "Defendant") Motion to Dismiss under Rule 12(b)(2) for lack of personal jurisdiction; Motion to Dismiss under 12(b)(6) for failure to state a claim; and Motion to Change Venue.  See 12(b)(2) Mot., ECF No. 11; Mot. to Change Venue, ECF No. 12; 12(b)(6) Mot., ECF No. 13.  Tara Farrell, Henly Velarde, and Douglas Wells (collectively "Plaintiffs") opposed these Motions. See Opp'n to 12(b)(2) Mot., ECF No. 18; Opp'n to Mot. to Change Venue, ECF No. 19; Opp'n to 12(b)(6) Mot., ECF No. 17.  Defendant replied.  See 12(b)(2) Mot. Reply, ECF No. 24; Mot. to Change

1

Venue Reply, ECF No. 25; 12(b)(6) Mot. Reply, ECF No. 26. For the reasons set forth below, the Court finds it lacks personal jurisdiction over NMCL and therefore transfers the case to the Northern District of Texas pursuant to 28 U.S.C. § 1631.[1]

## I. BACKGROUND

NMCL is a Texas based supplier of gravity-fed water filtration systems, best known for its water filter systems under the "Berkey" brand name. Compl. ¶¶ 2, 3, 12, ECF No. 1. Plaintiffs Tara Farrell, Henly Velarde, and Douglas Wells are California residents who purchased NMCL products through Amazon and other resellers. Id. ¶¶ 8-10. NMCL advertises these purification systems as water purifiers that last for 3,000 gallons of water per filter. Id. ¶ 2. However, Plaintiffs allege this is false and misleading as the filters fail to adequately reduce contaminants. Id. ¶ 4.

Accordingly, Plaintiffs brought this action in the Eastern District of California individually, and on behalf of those similarly situated for: (1) breach of express warranty; (2) breach of the implied warranty of merchantability; (3) unjust enrichment and restitution; (4) violation of California's Unfair Competition Law; (5) violation of California's False Advertising Law; and (6) violation of California's Consumer Legal Remedies Act.

NMCL now moves to dismiss for lack of personal jurisdiction and failure to state a claim, or to transfer the case to the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 25, 2022.

2

Northern District of Texas. 12(b)(2) Mot. to Dismiss; 12(b)(6) Mot. to Dismiss; Mot. to Change Venue.

## II. OPINION

### A. Legal Standard

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a defendant to seek dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of showing jurisdiction is proper. Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1141 (9th Cir. 2017). Because no evidentiary hearing occurred in this action, "the plaintiff need only make a prima facie showing of jurisdictional facts." Id. (citing to Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)). In such a case, the court does not assume the truth of allegations in the pleading that are contradicted by affidavit. Marvix Photo, Inc. v. Brand Tech., Inc., 647 F.3d 1218, 1123 (9th Cir. 2011). Factual disputes, however, are resolved in the plaintiff's favor. Id. If a court concludes it lacks jurisdiction, it may transfer the action to another court in which the action could have been brought to cure a want of jurisdiction if doing so is in the interest of justice. 28 U.S.C. § 1631.

### B. Analysis

In California, federal due process principles determine whether a court may assert personal jurisdiction over a non-consenting defendant. See Daimler AG v. Bauman, 571 U.S. 117, 125 (2014) ("California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution."). Due process requires that the

1  "defendant must have at least 'minimum contacts' with the
2  relevant forum such that the exercise of jurisdiction 'does not
3  offend traditional notions of fair play and substantial
4  justice.'"  Schwarzenegger, 374 F.3d at 801 (quoting Int'l Shoe
5  Co. v. Washington, 326 U.S. 310, 316 (1945)).  There are two
6  kinds of personal jurisdiction a forum state may exercise over a
7  defendant: general and specific.  Morrill, 873 F.3d at 1142.

        1.   General Jurisdiction

9     The first type of personal jurisdiction, general
10 jurisdiction, exists only "if the defendant has 'continuous and
11 systematic general business contacts' with a forum state" so as
12 to render them essentially at home in the forum.  Id. (internal
13 citations omitted).  For a corporation, the paradigm forum for
14 the exercise of general jurisdiction is its place of
15 incorporation and principal place of business.  Daimler AG, 571
16 U.S. at 137.  Only in an "exceptional" case will a
17 "corporation's operations in a forum other than its formal place
18 of incorporation or principal place of business [. . .] be so
19 substantial and of such a nature as to render the corporation at
20 home in that State."  Id. at 139 n.19.
21    NMCL is not "at home" in California.  It is a Texas limited
22 partnership with its principal place of business in Bedford,
23 Texas.  Ex 1. to 12(b)(2) Mot. ("Elliott Decl.") ¶ 2, ECF No.
24 11-1.  This is not an "exceptional" case where NMCL's contacts
25 with California are so substantial and of such a nature that
26 they render NMCL subject to general jurisdiction in California,
27 as it has no offices, operations, or employees here.  Id. ¶ 4.
28 Plaintiffs do not contend otherwise.  See Opp'n to 12(b)(2) Mot.

at 2. Accordingly, the Court finds general jurisdiction does not exist over Defendant.

### 2. Specific Jurisdiction

The second type of jurisdiction, specific jurisdiction, permits a court to exercise jurisdiction when the suit arises out of or relates to the defendant's contacts with the forum. Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cty., 137 S. Ct. 1773, 1780 (2017). In the Ninth Circuit, specific jurisdiction is appropriate if: (1) a non-resident defendant purposefully directs their activities towards the forum or performs some act by which they purposefully avail themselves of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. Schwarzenegger, 374 F.3d at 802. The plaintiff bears the burden of satisfying the first two prongs of the test. Id. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. Id. If the plaintiff does satisfy the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable. Id.

Plaintiffs contend NMCL purposefully directed its activities toward California. Opp'n to 12(b)(2) Mot. at 4-5. Purposeful direction requires (1) an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. Yahoo! Inc. v. La

Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006). NMCL concedes it committed an intentional act – selling and advertising its products. See Opp'n to 12(b)(2) Mot. at 4; 12(b)(2) Mot. Reply at 1. The issue is whether it expressly aimed such conduct at California.

In assessing specific jurisdiction through Internet conduct, "the common thread [. . .] is that the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of the commercial activity that an entity conducts over the Internet." Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419 (9th Cir. 1997) (internal quotation marks and citation omitted). Courts have adopted a sliding scale when assessing whether operating a website can give rise to sufficient minimum contacts with the forum:

> At one end of the scale are "passive" websites which merely display information, such as an advertisement. Personal jurisdiction is not appropriate when a website is merely [. . .] passive. At the other end of the scale are "interactive" websites which function for commercial purposes and where users exchange information. Personal jurisdiction is appropriate when an entity is conducting business over the internet.

j2 Cloud Servs., Inc. v. Fax87, No. 13-05353 DDP (AJWX), 2017 WL 1535083, at *6 (C.D. Cal. Apr. 27, 2017) (quoting American Auto. Ass'n, Inc. v. Darba Enter., Inc., No. C 09-510, 2009 WL 1066506, at *4 (N.D. Cal. Apr. 21, 2009)). Internet advertisements alone are insufficient. Cybersell, Inc., 130 F.3d 414 at 418. Something more is required. Id.

Plaintiffs, relying on Loomis v. Slendertone Dist., Inc., 420 F.Supp.3d 1046 (S.D. Cal. 2019), argue NMCL's website, at the

6

time, provided enough interactive features such that personal jurisdiction in California is appropriate. Opp'n to 12(b)(2) Mot. at 6. These interactive features were tailored to customer support. Specifically, the website enabled a consumer to report a defective product under warranty. Ex. 7 to Opp'n to Mot. to Change Venue at 10-12[2], ECF No. 23-1. If approved, the website indicated the consumer would be contacted by email with return instructions. Id. at 12-13. Additionally, the website provided customer services' contact information, information about the products, and a store locator that provided information of where authorized dealers' stores could be found, including in California. Id.

In Loomis, the Court found specific jurisdiction over Flex Belt was warranted in California. 420 F.Supp.3d at 1070. Specifically, the Court found Flex Belt maintained an interactive website, since its products were sold through the site. Id. Moreover, Flex Belt directly targeted California through its advertisements by stating "We put The Flex Belt in the hands of the best Trainers in Los Angeles" and "Ellen K from the Ryan Seacrest Show uses The Flex Belt - #1 Female DJ in Los Angeles." Id. The Court noted that "[b]y placing Flex Belt in the hands of California-specific individuals, Defendant ha[d] targeted a California fitness community to help advertise its product and thus went beyond merely making a connection between Defendant and Plaintiff." Id. Because "Defendant operated an interactive, commercial website that expressly targeted California through

---

[2] The page numbers referenced are to those issued by the Court on top of the exhibit.

7

1   capitalizing on its influential fitness community", and had a
2   designated agent for service of process and registration with the
3   California Secretary of State, the Court found Flex Belt had
4   purposefully directed its activities towards California.  Id.
5       Here, unlike Loomis, NMCL does not sell its products online
6   nor have marketing or advertising campaigns deliberately
7   targeting California consumers.  Elliott Decl. ¶¶ 5-7, 18-19.
8   That California residents could go online and submit a warranty
9   claim or contact customer support is insufficient to establish
10  personal jurisdiction in California.  See Marvix Photo, Inc., 647
11  F.3d at 1231 ("Not all material placed on the Internet is, solely
12  by virtue of its universal accessibility, expressly aimed at
13  every state in which it is accessed.").  Plaintiffs point to
14  various blogposts on NMCL's website discussing current events
15  concerning water and their impact on various states, including
16  California.  Ex. 1 to Opp'n to Mot. to Change Venue ¶¶ 3(i)-(t)
17  ("Bruce Decl."), ECF No. 19-1.  The Court finds this insufficient
18  to conclude NMCL targeted California.
19      Plaintiffs also argue that specific jurisdiction is
20  warranted under an agency theory.  Opp'n to 12(b)(2) Mot. at 6-8.
21  Specifically, that because authorized dealers sold NMCL's
22  products in California, those contacts should be imputed to NMCL.
23  Id.  As NMCL points out, while the Supreme Court left open
24  whether a plaintiff may establish specific jurisdiction under an
25  agency theory, the Ninth Circuit "has expressed serious doubts as
26  to whether any agency theory creates specific jurisdiction under
27  the Daimler standard."  12(b)(2) Reply at 3 (quoting Doe v.
28  Compania Panamena de Aviacion, No. CV 21-2536 PSG (PLAx), 2021 WL

3012849, at *3 (C.D. Cal. July 14, 2021)). Regardless, Plaintiffs have failed to make out a prima facie case for any agency relationship. "Fundamental tenets of agency theory require that an agent 'act on the principal's behalf and subject to the principal's control.'" Williams v. Yamaha Motor Co. Ltd., 851 F.3d 1015, 1024 (9th Cir. 2017) (quoting Restatement (Third) of Agency § 1.01 (2006)). Plaintiffs have failed to demonstrate that NMCL had the right to control the authorized dealers' activities. See Elliott Decl. ¶¶ 20, 21. Accordingly, they have failed to establish purposeful direction or availment. See LNS Enter. LLC v. Cont'l Motors, Inc., 22 F.4th 852, 863 (9th Cir. 2022) (finding relationship with third party repair shops insufficient to supply minimum contacts with the forum).

Because Plaintiffs have not carried their burden on the first two prongs, they have not demonstrated personal jurisdiction over NMCL is proper in this state. Schwarzenegger, 374 F.3d at 802. NMCL is a Texas limited partnership with its principal place of business in Bedford, Texas. See Mot. to Change Venue at 2. Thus, the Northern District of Texas will have general jurisdiction over it. Accordingly, transfer to the Northern District of Texas is appropriate. See Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (noting that usually transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time consuming and justice defeating).

### III.   ORDER

For the reasons set forth above, Defendant's Motion to Change Venue is GRANTED and this action shall be transferred to

the Northern District of Texas pursuant to 28 U.S.C. § 1631 to cure a lack of personal jurisdiction.  Defendants' Motions to Dismiss and Plaintiffs' request for jurisdictional discovery are DENIED as MOOT.

  IT IS SO ORDERED.

Dated: March 29, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

10