UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TARA FARRELL, HENLEY VELARDE, and DOUGLAS WELLS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW MILLENNIUM CONCEPTS, LTD.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ Case No. 3:22-cv-00728-M<br>§<br>§<br>§<br>§<br>§<br>§ |

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Pursuant to this Court's Order Requiring Scheduling Conference and Report for Contents of Scheduling Order, entered on March 31, 2022[1], counsel for Plaintiffs Tara Farrell, Henley Velarde, and Douglas Wells (collectively "**Plaintiffs**") and Defendant New Millennium Concepts, LTD. ("**Defendant**" or "**NMCL**") (collectively the "**Parties**"), met and conferred via telephone on April 12, 2022, and report to the Court as follows:

1. **A Brief Statement of the Claims and Defenses**

*Plaintiffs' Position*: Plaintiffs contend that Defendant manufactures and falsely and deceptively advertises and warrants household point-of-use Berkey water purification systems as water "purifiers" that entirely remove or "greatly" or "dramatically" reduce contaminants by the bare minimum 80% reduction rate displayed on the filters' packaging, for 3,000 gallons per filter. *See* Complaint, filed 09/16/2021 (ECF 1) at ¶¶ 2-5, 18-25. However, Defendant's products neither purify water, nor do they reduce contaminants by at least 80%, let alone 3,000 gallons worth of

---

[1] Dkt. No. 42.

1

water. *See id.* at ¶¶ 2-5, 18-25. Accordingly, on September 16, 2021,[2] Plaintiffs filed this putative class action against Defendant to assert six causes of action for: (1) Breach of Express Warranty; (2) Breach of Implied Warranty of Merchantability; (3) Unjust Enrichment/Restitution; (4) Violation of California Unfair Competition Law codified as Cal. Bus. Prof. Code §§ 17200, *et seq.* ("**UCL**"); (5) Violation of California False Advertising Law codified at Cal. Civ. Code §§ 17500, *et seq.* ("**FAL**"); and (6) Violation of Consumer Legal Remedies Act codified at Cal. Civ. Code §§ 1750, *et seq.* ("**CLRA**"). *See generally* Compl. (ECF 1). Plaintiffs seek to represent a nationwide class and California subclass of consumers, who purchased Defendant's products over the course of several years, to recover on a class-wide basis all monetary damages, restitution/disgorgement, declaratory and injunctive relief, attorney's fees and costs, pre- and post-judgement interest, punitive damages and statutory penalties, and other further and just relief to which Plaintiffs and the class care entitled as a result. *See* Complaint, filed 09/16/2021 (ECF 1) at ¶¶ 43, 118.

***Defendant's Position*:** Defendant NMCL is a Texas company that provides industry-leading water filter systems, verified by independent, third-party laboratory testing to dramatically reduce contaminants in water and make non-potable water potable. Plaintiffs—now on their second iteration of this case—claim to have purchased an NMCL Travel Berkey water filter system or Purification Elements (component parts used for the Travel Berkey and other NMCL water filter

---

[2] Plaintiff Farrell, alone, initiated a similar action on January 14, 2021. When additional Plaintiffs, Velarde and Wells, wished to join the action after the expiration of Plaintiff's deadline to amend without need for stipulation or Court order under Fed. R. Civ. P. 15, Plaintiff Farrell voluntarily dismissed that case without prejudice and refiled this action on September 16, 2021, with all three, current named Plaintiffs.

systems).³ Plaintiffs assert that tests commissioned by their attorneys of a Crown Berkey—an NMCL water filter system Plaintiffs *did not purchase* and that NMCL *prohibits* from being sold in California, where Plaintiffs reside—allegedly show that NMCL knowingly made false claims about the performance of all of its water filter systems and related products sold under the Berkey brand name, including the Travel Berkey and Purification Elements they actually purchased. These litigation-driven tests provide the sole basis for their claims that NMCL breached express and implied warranties in connection with their purchase of a Travel Berkey or Purification Elements; violated the UCL, CLRA, and FAL; and was unjustly enriched. Plaintiffs' tests and allegations do nothing to undermine the independent third-party testing supporting the performance of NMCL's products, nor do they demonstrate that NMCL knowingly made false claims. Plaintiffs also cannot demonstrate that vague descriptors like "dramatically" and "greatly" are actionable and capable of being proved false, nor that Plaintiffs relied on those vagaries when buying the products. NMCL denies that it breached any warranties, that it made any untrue statements about its products (knowingly or otherwise), and that Plaintiffs suffered any damages.

NMCL further denies that this case may be properly certified as a class action.

**2. <u>Proposed Time Limit to File Motions for Leave to Join Other Parties</u>**

The Parties propose filing motions for leave to join other parties consistent with the proposed schedule attached hereto as **Exhibit A**.

---

³ Plaintiff Farrell filed a class action complaint against NMCL on January 14, 2021 in the United States District Court for the Eastern District of California, styled *Farrell v. New Millennium Concepts, Ltd.*, No. 2:21-cv-0075 (E.D. Cal.). After NMCL moved to dismiss the complaint, Farrell dismissed the case without prejudice. Months later, on September 16, 2021, Farrell and two new Plaintiffs filed a nearly-identical lawsuit in the same court, styled *Farrell v. New Millennium Concepts, Ltd.*, No. 2:21-cv-01691 (E.D. Cal.); Dkt. 1. Judge Mendez then granted NMCL's motion to transfer and transferred the case to this District, and it is now before this Court. Dkts. 39-40.

3

3. **Proposed Time Limit to Amend the Pleadings**

The Parties propose filing all amended pleadings consistent with the proposed schedule attached hereto as **Exhibit A**.

4. **Proposed Time Limits to File Various Types of Motions, Including Dispositive Motions**

   a. **Defendant's Rule 12(b)(6) Motion:** NMCL timely moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) while the case was in California. Dkt. 13. Judge Mendez denied that motion as moot when he transferred this case to this Court. Dkt. 39. Thus, no Court has ruled on NMCL's dismissal arguments that it filed in lieu of answering the Complaint. As a result, NMCL shall file a motion to dismiss for failure to state a claim concurrently with this joint report. The Parties have proposed a deadline for this briefing schedule in the proposed schedule attached hereto as **Exhibit A**.

   b. **Motion for Class Certification:** Plaintiffs intend to file a motion for class certification. The Parties propose a deadline to file said motion, related briefing, and related deadlines for class-expert discovery in the proposed schedule attached hereto as **Exhibit A**.

   c. **Motion for Summary Judgment:** The Parties propose that the Court defer setting the deadlines related to the filing of any motions for summary judgment until after it rules on class certification, as the Court's ruling will have a significant impact on the scope of summary judgment as well as the time needed to complete discovery and briefing. Instead, the Parties propose deadlines to meet and confer and submit a further proposed schedule following this Court's ruling on Plaintiffs' anticipated motion for class certification as set forth in the proposed schedule attached hereto as **Exhibit A**.

5. **Proposed Time Limit for Initial Designation of Experts**

   a. **Class Certification Experts:** The Parties propose deadlines related to expert opinions relied upon to support or oppose class certification in the proposed schedule attached hereto as **Exhibit A**.

   b. **Trial Experts:** With respect to pre-trial expert discovery, the Parties propose this Court defer setting dates until after it rules on class certification as the Court's ruling will have a significant impact on the amount of time needed to complete discovery and prepare for trial. Instead, the Parties propose deadlines to meet and confer and submit a further proposed schedule following this Court's ruling on Plaintiffs' anticipated motion for class certification as set forth in the proposed schedule attached hereto as **Exhibit A**.

6. **Proposed Time Limit for Responsive Designation of Experts**

   a. **Class Certification Experts:** The Parties propose deadlines for responsive designation of experts in connection with class certification as set forth in **Exhibit A**.

   b. **Trial Experts:** The Parties also propose deferring setting deadlines in connection with experts designated for trial until after the Court rules on Plaintiffs' motion for class certification as set forth in **Exhibit A**.

7. **Proposed Time Limit for Objections to Experts**

   a. **Class Certification Experts:** The Parties propose deadlines for objections to experts designated in connection with class certification as set forth in **Exhibit A**.

   b. **Trial Experts:** The Parties also propose deferring setting deadlines in connection with experts designated for trial until after the Court rules on Plaintiffs' motion for class certification as set forth in **Exhibit A**.

8. **Proposed Discovery Plan**

The Parties set forth below a proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.

a. **Plan and Schedule for Discovery:** The Parties exchanged Rule 26(a)(1) initial fact disclosures in December 2021, but have not engaged in written discovery, taken depositions, or issued subpoenas while Defendant's Rule 12 motions and motion to transfer venue were pending in the United States District Court for the Eastern District of California. The parties intend to propound written discovery (document requests, interrogatories, and requests for admissions), take each other's depositions and any key depositions of party-employees, and subpoena documents and key depositions of third parties. The parties further anticipate taking expert discovery, including documents and depositions, regarding both class certification and the merits of Plaintiffs' claims. The Parties propose deadlines for factual discovery and expert discovery for both class certification and the merits of Plaintiffs' claims as set forth in **Exhibit A.**

b. **Scope of Discovery.**

*Plaintiffs' Position*:

1) **Subjects of Discovery.** Plaintiffs anticipate seeking discovery on all matters pertinent to class certification and merits, including: (i) unique product identification or control numbers (e.g., internal identifiers, SKUs, UPCs, lot numbers); (ii) the sales figures (number of units sold and total sales per month) throughout the class period for each product (including unique product identification number), according to each authorized agent and/or third-party retailer; (iii) product pricing (wholesale, retail, and manufacturer recommended sales pricing); (iv)

6

identification of each person or entity authorized to market or sell the products, including dates during which they were so authorized and any documents regarding the nature and terms of the relationship between Defendant and those authorized persons or entities; (v) identification of each consumer, their contact information, and their purchase information (e.g., name, billing/shipping address, product/identification number, date of transaction, dollar amount of transaction, and refunds/discounts); (vi) exemplar product labels and packaging, dates in use, and identification of each person involved in the creation and approval of their content, since the product was first introduced into the market place; (vii) advertisements, marketing materials, and other publicly disseminated information concerning the products, including dates in use, and identification of each person involved in the creation and approval of their content, since the product was first introduced into the market place; (viii) market research, consumer surveys, focus groups, targeted demographics, and any analysis regarding performance of marketing campaigns, consumer needs or desires, consumer perceptions, consumer reasons to buy or discontinue use, and/or experiences with the products; (ix) information and materials provided to any distributor, seller, industry regulatory organization, or governmental regulatory agency regarding the product design, performance, or substantiation for the advertising claims at issue; (x) product design, materials/media, and manufacturing specifications (including dates in use and product identification numbers) during the class period; (xi) identification of each person or entity who designed, manufactured, and/or supplied materials for the black purification elements (including product identification numbers and dates/quantities) during the class period; (xii) all testing, analyses, or evaluations of the product performance (including contaminants reduced, rate of reduction, point of breakthrough); (xiii) complaints regarding the product performance in relation to the challenged representations, including customer complaints, watch dog or advocacy group

complaints, governmental complaints, related investigations, and any filings; (xiv) information and documentation procedures (including the identification of relevant custodians, databases, software applications, and hard, network, and cloud-based drives); and (xv) counterfeit products.

   **2)**   **Significant Third-Party Discovery.** Plaintiffs anticipate a significant amount of third-party discovery may be needed to prepare Plaintiffs' motion for class certification and for trial. Defendant utilized a significantly large number of purported third-party "Authorized Dealers," but contests Plaintiffs' contention that Defendant held them out as authorized agents and/or controlled the advertising and warranty representations that form the basis of this action. *See* Complaint (ECF 1) at ¶¶ 13-15, 26-28; Rule 12(b)(6) MTD at 1, 6-8, 13; Opp. at 1-3, 4; Reply at 1, 5; Rule 12(b)(2) MTD-PJ at 1-2, 9-13; Opp. at 1, 6-8, 9, 11, 15; Reply at 1, 2-4. Defendant also utilized numerous third-party laboratories to purportedly substantiate its representations regarding the purification, contaminant reduction, and longevity advertising and warranty representations that form the basis of this action. *See*, *e.g.*, Rule 12(b)(6) MTD at 1-2, 11; Opp. at 1-2, 5, 7, 12, 13, 15; Reply at 1, 4, n.8. Plaintiffs anticipate requiring a significant amount of time to complete discovery to the extent that Plaintiffs may subpoena documents and/or depositions from the Authorized Dealers and/or laboratories, which will require sufficient time for those witnesses to respond to subpoenas, meet and confer and seek Court intervention to resolve any disputes, and otherwise manage discovery with witnesses across numerous states throughout the nation. However, at present, Plaintiffs are unaware of the identity of all such numerous "third-party" Authorized Dealers or laboratories as Defendant has not identified them in its Rule 26(a)(1) initial fact disclosures and, as set forth below (*see*, *infra*, 8.d.), Defendant wishes to stay discovery pending this Court's ruling on Defendant's anticipated re-filed Rule 12(b)(6) motion to dismiss. Given the foregoing, Plaintiffs believe that there are currently unknown variables that may have a

significant impact on the time needed to complete discovery to prepare for class certification and/or trial.

***Defendant's Position***: NMCL anticipates seeking discovery on all matters pertinent to class certification and merits, including but not limited to: (i) Plaintiffs' alleged purchase and use of the products at issue, including their review of any marketing materials related to the products; (ii) the alleged testing performed by Plaintiffs' representatives and inspection of the tested products; (iii) the purchase and use of NMCL products by members of the putative class, including their review of any marketing materials related to the products; (iv) inspection of the products purchased by Plaintiffs; (v) the typicality of Plaintiffs' claims; (vi) the adequacy of Plaintiffs as class representatives; (vii) the alleged damages; and (viii) all other allegations in the Complaint.

    c.    **Phased or Limited Discovery.**

The Parties have agreed to a phased approach to discovery that prioritizes issues related to class certification, as described more fully below. The Parties' agreement is intended to promote efficiency and facilitate a decision on class certification as early as practicable, consistent with Rule 23.

The Parties have agreed to bifurcate class certification-related discovery and merits-only discovery on the sole conditions that: (1) Plaintiffs, who agree to permit full discovery of the merits of their claims from the outset, are subjected to only one deposition absent any further order of this Court based on circumstances warranting further depositions under applicable law for reasons other than the bifurcation of discovery; (2) Plaintiffs do not relinquish any rights, if any, to seek discovery necessary to oppose any dispositive motion, including any motion for summary judgment under Rule 56; and (3) if either party believes there is a need for targeted merits discovery on issues that may significantly impact case value, the likelihood of Plaintiffs' recovery,

and/or the economic and efficient management of discovery, that party may move this Court for limited relief from bifurcation to seek such discovery during the class-certification phase of the case after a good-faith attempt to meet and confer with the other Parties.

### d.  Whether to Stay Discovery Pending this Court's Ruling on Defendant's Motion to Dismiss

*Plaintiffs' Position*: Plaintiffs contend that staying discovery pending the Court's ruling on Defendant's anticipated Rule 12(b)(6) motion to dismiss will cause significant and undue delay. Plaintiffs appreciates Defendant's desire to avoid significant and unduly burdensome discovery pending the motion to dismiss. However, Plaintiffs strongly contend there is limited and critical discovery that can be completed pending the Court's ruling, without unduly burdening Defendant with providing all "related" information and documents, and that would promote the efficient management of discovery and expeditious resolution of this matter. This includes, but is not necessarily limited to, the following: (a) the identification of all class products by Universal Product Codes, Stock Keeping Units, and other unique identifiers; (b) identification of total units sold, and total revenues generated therefrom, for all sales of the class products during the applicable class period; (c) identification of all third-party Authorized Dealers' during the class period and production of their contracts; (d) identification of all third-party laboratories and production of their contracts, data, results, and reports; and (e) production of exemplar labeling and packaging schematics for all class products marketed and/or sold during the class period.

*Defendant's Position*: Discovery in class actions is often enormous, and even more so in a consumer class action brought on behalf of a nationwide class of purchasers who bought many different types of products, from many different dealers, over many different years, in many different states. But NMCL's motion to dismiss (being filed concurrently herewith) could very well moot all of this discovery. For this reason, the Fifth Circuit and courts in this District have

held that discovery stays are especially appropriate early in a case where a motion to dismiss may dispose of it, and this tenant undoubtedly rings truer in putative consumer class actions due to their inherent complexity and enormous discovery burdens. Before the parties engage in this protracted and expensive endeavor, NMCL believes the Parties would benefit from a ruling that determines whether any discovery is necessary at all. Even if the Court does not completely dismiss Plaintiffs' claims, it could meaningfully narrow them—and thus the discovery at issue.

Plaintiffs appreciate this reality. They have not served discovery since filing this case seven months ago and while the prior motion to dismiss was pending in California. Yet it appears Plaintiffs have changed their minds and want to proceed with "limited" discovery, but the proposed discovery is not so limited and seems to cover almost everything about every product potentially at issue in the case. If that is the case, NMCL will very likely move to stay discovery pending a ruling on its motion to dismiss.

9. **Proposed Changes to the Discovery Limitations**

The Parties propose that any changes or limitations on discovery shall only be made by the Court and/or by agreement of the Parties. In certain situations, Plaintiffs contend that the Parties may need to conduct depositions remotely either to mitigate expenses, respect party or third-party public health concerns stemming from COVID19, and/or to facilitate the efficient and expedient management of discovery. Plaintiffs intend to meet and confer with Defendant to evaluate the need for remote video-conferenced depositions and seek stipulations and/or Court intervention as needed. No modifications are needed at this time.

10. **Proposed Disclosure or Discovery of Electronically Stored Information**

The Parties have discussed the preservation and discovery of electronically-stored information ("ESI") and, should discovery proceed, they will adhere to routine practices for

collecting, reviewing, and producing ESI, including with the assistance of third-party vendors and/or platforms as needed. At this time, the Parties do not need Court-approved protocols to govern the search and production of ESI for a variety of reasons, including that there is no foreseeable dispute and the time and expense of negotiating formal protocols is often unnecessary where sophisticated counsel who routinely handle ESI in federal court are cooperating . Prior to a Party searching for or producing ESI (with the exception of preliminary searches to better understand the framework of a Party's ESI), the Parties will use reasonable and good faith efforts to meet and confer regarding any parameters (such as search terms, production of native files, and exportation of data into usable formats and file types) that may be necessary to ensure the orderly and efficient exchange of said materials to the extent they are discoverable. If the Parties are unable to agree on such parameters, the Parties will use reasonable and good faith efforts to meet and confer regarding an agreement on more formal ESI protocols to govern the case.

**11. <u>Proposed Handling and Protection of Privileged or Trial-Preparation Material</u>**

The Parties agree that, should discovery proceed in any form, a protective order governing the confidentiality of documents and information will be required to protect confidential, proprietary, and trade secret information and putative class members' identifying information, to the extent said materials are discoverable. The Parties also anticipate that such an order would include a "clawback" provision related to the inadvertent production of privileged or protected materials. The Parties will work together in good faith to prepare and file a stipulated proposed protective order prior to any party or third-party's deadline to respond to discovery.

**12. <u>Proposed Trial Date, Estimated Days Required for Trial, and Jury Demand</u>**

The Parties propose that the Court defer setting a trial date until after it rules on Plaintiffs' anticipated motion for class certification consistent with the proposed schedule attached hereto as **Exhibit A**.

At this time, the Parties estimate requiring 15 court days of trial, subject to the need for fewer or additional days depending on the information, documents, identification of percipient witnesses, and other matters that may develop during the course of discovery. Plaintiffs have demanded a jury trial on all issues so triable.

**13. <u>Proposed Date for Further Settlement Negotiations</u>**

*Plaintiffs' Position*: Plaintiffs are amenable to engaging in informal settlement negotiations and engaging in private mediation. Plaintiffs propose this Court set a deadline to complete private mediation and/or complete a settlement conference prior to class certification, as set forth in the proposed schedule attached hereto as **Exhibit A**.

*Defendant's Position*: NMCL is amenable to private mediation and the proposed deadline in **Exhibit A**. NMCL will work with the Plaintiffs to schedule mediation and expects that the Parties will be able to agree on a private mediator.

**14. <u>Disclosures Under Fed. R. Civ. P. 26(a)(1)</u>**

The Parties exchanged Initial Fact Disclosures pursuant to Fed. R. Civ. 26(a)(1) on December 17, 2021. The Parties reserve the right to supplement and/or amend the information contained in the initial disclosures as the materiality of issues, facts, witnesses, and documents become apparent, and as discovery and investigation continue.

**15. <u>Trial before U.S. Magistrate Judge David L. Horan</u>**

All Parties do not consent to trial before U.S. Magistrate Judge David L. Horan.

16. **Mediation and Arbitration**

The Parties are amenable to private mediation, but do not consent to arbitration. The Parties propose the deadline set forth in the proposed schedule attached hereto as **Exhibit A**. The Parties will work together to schedule mediation and expect to be able to agree on a private mediator.

17. **Other Proposals to Facilitate Expeditious and Orderly Preparation for Trial**

*Plaintiffs' Position*: Plaintiffs are not presently aware of any other matters that may facilitate the expeditious and orderly preparation for trial as discovery has not yet commenced. Plaintiffs nonetheless anticipate stipulations to indisputable facts, foundational evidence, and similar matters will likely be appropriate in this case, depending on the development of discovery. Plaintiffs will confer with Defendant as these matters are identified.

*Defendant's Position*: At this time, NMCL does not have any additional proposals regarding scheduling and discovery aside from than those set forth above.

18. **Conference with the Court**

*Plaintiffs' Position*: Plaintiffs believe that a conference with the Court may be necessary to the extent the proposed schedule attached hereto as **Exhibit A** leaves open issues needed for Court resolution and/or the Court requires further information from the Parties to set a reasonable and just schedule. Plaintiffs will make arrangements to attend the conference if the Court so orders.

*Defendant's Position*: NMCL believes a conference with the Court may be unnecessary but is not opposed to one, particularly if the Court (i) has questions regarding the Parties' positions on discovery or the proposed schedule, or (ii) would otherwise find value in a conference.

19. **Other Matters Relevant to the Court under Fed. R. Civ. P. 16(b), 16(c), and 26(c)**

The Parties respectfully request that the Court enter a Scheduling Order consistent with the dates set forth in the proposed schedule attached hereto as **Exhibit A**. The Parties further request

this Court set a further case management conference following this Court's ruling on the anticipated motion for class certification to enter a Further Scheduling Order governing the remainder of discovery and setting a pre-trial conference and trial related dates.

Date: April 21, 2022                                **EDWARDS LAW**

                                                    By: */s/ Mike Singley*
                                                    Mike Singley
                                                    603 W. 17th Street
                                                    Austin, TX 78701
                                                    Tel: 512-623-7727
                                                    Fax: 512-623-7729

                                                    *Attorneys for Plaintiffs*

Date: April 21, 2022                                **HAYNES AND BOONE, LLP**

                                                    By: */s/ Ronald W. Breaux*
                                                    Ronald W. Breaux, Esq.
                                                    State Bar No. 02937200
                                                    Benjamin G. Goodman, Esq.
                                                    State Bar No. 24091433
                                                    Benjamin B. Breckler, Esq.
                                                    State Bar No. 24121922
                                                    2323 Victory Ave., Suite 700
                                                    Dallas, TX 75219
                                                    Tel: (214) 651-5000

                                                    *Attorneys for Defendant*

# EXHIBIT A

## PROPOSED SCHEDULING ORDER

The Parties jointly propose the following dates, except where expressly indicated otherwise. Once the Court rules on Defendant's motion to dismiss for failure to state a claim, the Parties will submit an updated proposed scheduling order containing specific dates based largely if not entirely on the schedule outlined herein.

|   | **Event** | **Proposed Deadline** |
|---|---|---|
| 1. | Deadline for Defendant to Refile Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim | **April 21, 2022** |
| 2. | Deadline for Plaintiffs to File Opposition to Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim | **May 26, 2022** |
| 3. | Deadline for Defendant to File Reply Brief in Support of Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim | **June 23, 2022** |
| 4. | Hearing on Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim | **Pursuant to Court Order** (Per L.R. 7.1 g.) |
| 5. | Deadline to File Joint Status Report re: Class Certification | 67 days before the deadline to file motion for class certification; and 7 days before any Pre-Certification Case Management Conference |
| 6. | Pre-Certification Case Management Conference (if requested by the Court after filing of parties' Joint Status Report) | 60 days before the deadline to file motion for class certification |
| 7. | Deadline to File Motion to Amend the Pleadings and Join Parties | 45 days before the deadline to file motion for class certification |
| 8. | Deadline for Plaintiffs to File Motion for Class Certification, Serve Class Certification Expert Declarations and/or Reports in Compliance with Rule 26(a)(2)(B), and Produce any Discoverable Expert Documents that are Not Otherwise Required to Be Disclosed Under Rule 26(a)(2)(B) | <u>***Not Stipulated***</u><br><br>**Plaintiffs' Position**: Based on Defendant's apparent disinclination to conduct discovery pending the resolution of its Rule 12(b)(6) motion to dismiss, Plaintiffs are unable to agree upon a specific time frame to complete class discovery.<br><br>If Defendant responds to written discovery and produces documents pending |

16

|   |   | resolution of said motion, including those materials identified in section 8.e., then a deadline 6 months after Defendant files its answer (as it proposes below) may provide adequate time. |
|---|---|---|
|   |   | If, however, Defendant neither moves to stay discovery nor produces any discovery pending the resolution of its anticipated Rule 12(b)(6) motion to dismiss, then Plaintiffs believe Defendants proposed 6 month filing deadline will not provide adequate time to complete the discovery necessary to prepare for class certification (including completing third-party discovery discussed in section 8.c.). In this circumstance, Plaintiffs believes that the deadline should at least be approximately 10 months after Defendant files its answer to the operative complaint. |
|   |   | ***Defendant's Position***: 6 months after Defendant files an answer to the operative complaint |
| 9. | Deadline to Complete Depositions of Plaintiffs' Experts who Submit Declarations and/or Reports in Support of Class Certification | 30 days after filing motion for class certification |
| 10. | Deadline for Defendant's Opposition to Motion for Class Certification, Daubert motions directed to Plaintiffs' class certification experts, Defendant's Class Certification Expert Declarations and/or Reports in Compliance with Rule 26(a)(2)(B), and Production of any Discoverable Expert Documents that are Not Otherwise Required to Be Disclosed Under Rule 26(a)(2)(B) | 60 days after completing discovery regarding Plaintiffs' class-certification experts; 90 days after filing motion for class certification |
| 11. | Deadline to Complete Depositions of Defendant's Experts who Submit Declarations and/or Reports in Opposition to Class Certification | 30 days after filing opposition to motion for class certification |
| 12. | Deadline for Plaintiffs' Reply to Defendant's Opposition to Motion for Class Certification and Daubert motions directed to Defendant's class certification experts; Deadline for Plaintiffs' Response to Daubert Motions directed to Plaintiffs' class certification experts | 60 days after completing discovery regarding Defendant's class-certification experts; 90 days after filing opposition to motion for class certification |

17

| | | |
|---|---|---|
| 13. | Deadline for Defendant's Reply to Plaintiffs' Response to Daubert Motions directed to Plaintiffs' class certification experts | 14 days after Plaintiffs' response to Daubert motions directed to Plaintiffs' class certification experts |
| 14. | Deadline for Defendant's Response to Daubert motions directed to Defendant's class certification experts | 60 days after Plaintiffs file Daubert motions directed to Defendant's class certification experts |
| 15. | Deadline for Plaintiffs' Reply in Support of Daubert motions directed to Defendant's class certification experts | 14 days after Defendant's Response to Daubert motions directed to Plaintiffs' class certification experts |
| 16. | Deadline to Complete Private Mediation or Settlement Conference | 1 month after briefing complete on motion for class certification |
| 17. | Class Certification Hearing | Pursuant to Court's Schedule |
| 18. | Deadline to File Status Report and Proposed Scheduling Order | 21 days after ruling on motion for class certification; 7 days before Post-Certification Case Management Conference |
| 19. | Post-Certification Case Management Conference | 28 days after ruling on motion for class certification |

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, I electronically submitted the foregoing documents with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sends a "Notice of Electronic Filing" to all counsel who have consented in writing to accept this Notice as service of this document by electronic means.

Date: April 21, 2022                              By: */s/ Ronald W. Breaux*
                                                       Ronald W. Breaux, Esq.