**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TARA FARRELL, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. 3:22-cv-00728-M |
| | § | |
| NEW MILLENNIUM CONCEPTS, LTD., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFFS' CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

FACTUAL BACKGROUND ................................................................................... 2

ARGUMENT ........................................................................................................... 4

    I.    Legal standards ........................................................................................ 4

    II.    Each claim must be dismissed because Plaintiffs fail to plead that any
          Challenged Representation was false........................................................ 7

          A.    Testing of a wrong product does not allege anything about the falsity of
                  representations related to the products that the Plaintiffs actually
                  purchased. ........................................................................................ 7

          B.    The Challenged Representations are vague, generalized statements that
                  cannot be proved false. ................................................................... 10

    III.    Each claim must be dismissed because Plaintiffs fail to plead that NMCL knew
          any alleged representation was false........................................................ 12

    IV.    Each claim must be dismissed because Plaintiffs fail to plead that they relied on
          NMCL's representations when buying the products. ............................... 14

    V.    Plaintiffs' UCL claim fails because they do not plead an underlying violation of
          law to sustain it. ..................................................................................... 15

    VI.    Punitive damages are not available for Plaintiffs' claims......................... 16

CONCLUSION....................................................................................................... 17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abramson v. Marriott Ownership Resorts, Inc.*,
 155 F. Supp. 3d 1056 (C.D. Cal. 2016) ...............................................................13

*Am. Realty Tr., Inc. v. Travelers Cas. & Sur. Co. of Am.*,
 362 F. Supp. 2d 744 (N.D. Tex. 2005) ..................................................................5

*Arabian v. Organic Candy Factory*,
 2018 WL 1406608 (C.D. Cal. Mar. 19, 2018)........................................................7

*In re Arris Cable Modem Consumer Litig.*,
 2018 WL 288085 (N.D. Cal. Jan. 4, 2018)....................................................14, 15

*Asghari v. Volkswagen Grp. of Am., Inc.*,
 42 F. Supp. 3d 1306 (C.D. Cal. 2013) .................................................................15

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).............................................................................................5, 8

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)................................................................................................5

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*,
 343 F.3d 719 (5th Cir. 2003), *opinion modified on denial of reh'g,* 355 F.3d
 356 (5th Cir. 2003)..................................................................................................5

*Berry v. Indianapolis Life Ins. Co.*,
 2011 WL 3555869 (N.D. Tex. Aug. 11, 2011).......................................................6

*Berry v. Indianapolis Life Ins. Co.*,
 638 F. Supp. 2d 732 (N.D. Tex. 2009) ..................................................................8

*Biliouris v. Sundance Res., Inc.*,
 559 F. Supp. 2d 733 (N.D. Tex. 2008) ..................................................................5

*Brooks v. United Dev. Funding III, L.P.*,
 2020 WL 6132230 (N.D. Tex. Apr. 15, 2020) .......................................................2

*Cirulli v. Hyundai Motor Co.*,
 2009 WL 5788762 (C.D. Cal. June 12, 2009) ......................................................11

*Clemens v. DaimlerChrysler Corp.*,
 534 F.3d 1017 (9th Cir. 2008) ......................................................................15, 16

*Cont'l Auto. Sys., Inc. v. Avanci, LLC,*
  2020 WL 5627224 (N.D. Tex. Sept. 10, 2020)..................................................................2

*Dyson, Inc. v. Garry Vacuum, LLC,*
  2011 WL 13268002 (C.D. Cal. Jan. 4, 2011) .................................................................9

*Eckler v. Wal-Mart Stores, Inc.,*
  2012 WL 5382218 (S.D. Cal. Nov. 1, 2012) ...............................................................8, 9

*Elson v. Black,*
  542 F. Supp. 3d 556 (S.D. Tex. 2021), *appeal filed*, No. 21-20349 (5th Cir.
  July 7, 2021)...........................................................................................................6, 11

*Enea v. Mercedes-Benz USA, LLC,*
  2019 WL 402315 (N.D. Cal. Jan. 31, 2019) .............................................................13, 14

*Goel v. Coalition Am. Holding Co.,*
  2011 WL 13128300 (C.D. Cal. July 5, 2011) ...............................................................16

*Greater Hous. Transp. Co. v. Uber Techs., Inc.,*
  155 F. Supp. 3d 670 (S.D. Tex. 2015) ........................................................................11

*Grimes v. Nationwide Prop. & Cas. Ins. Co.,*
  2011 WL 13248993 (S.D. Tex. Nov. 22, 2011) .............................................................5

*Grimm v. APN Inc.,*
  2017 WL 6398148 (C.D. Cal. Aug. 31, 2017)...............................................................8

*In re Hydroxycut Mktg. & Sales Pracs. Litig.,*
  801 F. Supp. 2d 993 (S.D. Cal. 2011).........................................................................7

*Kabbash v. Jewelry Channel, Inc. USA,*
  2017 WL 2473262 (W.D. Tex. June 7, 2017) ...........................................................14, 16

*Kerkorian v. Samsung Elecs. Am., Inc.,*
  2019 WL 6918293 (E.D. Cal. Dec. 19, 2019) ...............................................................7

*Kougl v. Xspedius Mgmt. Co.,*
  2005 WL 1421446 (N.D. Tex. June 1, 2005) ...............................................................5

*Padilla v. Costco Wholesale Corp.,*
  2013 WL 195769 (N.D. Ill. Jan. 16, 2013) ..................................................................9

*Petkevicius v. NBTY, Inc.,*
  2017 WL 1113295 (S.D. Cal. Mar. 24, 2017) ...............................................................16

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.,*
  227 F.3d 489 (5th Cir. 2000) ...............................................................................10, 11

*Presidio Enters., Inc. v. Warner Bros. Distrib. Corp.*,
    784 F.2d 674 (5th Cir. 1986) ......................................................10, 11

*Punian v. Gillette Co.*,
    2015 WL 4967535 (N.D. Cal. Aug. 20, 2015) ..............................12, 13

*R2 Invs. LDC v. Phillips*,
    401 F.3d 638 (5th Cir. 2005) ...............................................................8

*Rahman v. Mott's LLP*,
    2014 WL 325241 (N.D. Cal. Jan. 29, 2014) .......................................6

*Ranieri v. AdvoCare Int'l, L.P.*,
    336 F. Supp. 3d 701 (N.D. Tex. 2018) ...............................................5

*Riviana Foods, Inc. v. Golden Star Trading, Inc.*,
    2020 WL 6153602 (S.D. Tex. Apr. 6, 2020) ....................................11

*Roper v. Big Heart Pet Brands, Inc.*,
    2020 WL 7769819 (E.D. Cal. Dec. 30, 2020) ..................................17

*Sandwich Chef of Tex., Inc. v. Reliance Nat'l Indem. Ins. Co.*,
    319 F.3d 205 (5th Cir. 2003) .............................................................12

*Sheppard v. Tex. Dep't of Transp.*,
    158 F.R.D. 592 (E.D. Tex. 1994)........................................................2

*In re Sony Grand WEGA KDF–E A10/A20 Series Rear Projection HDTV*
*Television Litig.*,
    758 F. Supp. 2d 1077 (S.D. Cal. 2010)..............................................11

*Spector v. Mondelez Int'l, Inc.*,
    2017 WL 4283711 (N.D. Ill. Sept. 27, 2017) .................................8, 9

*Swearingen v. Healthy Beverage, LLC*,
    2017 WL 1650552 (N.D. Cal. May 2, 2017).....................12, 14, 15, 16

*Tomek v. Apple Inc.*,
    636 F. App'x 712 (9th Cir. 2016) ......................................................13

*United States v. Bollinger Shipyards, Inc.*,
    775 F.3d 255 (5th Cir. 2014) .............................................................13

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ...........................................................12

*Vitt v. Apple Comput., Inc.*,
    469 F. App'x 605 (9th Cir. 2012) ..................................................10, 11

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
    505 F. Supp. 2d 609 (N.D. Cal. 2007) ....................................................................16

*Weiss v. Trader Joe's Co.*,
    2018 WL 6340758 (C.D. Cal. Nov. 20, 2018), *aff'd*, 838 F. App'x 302 (9th
    Cir. 2021) ...............................................................................................................7

*U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*,
    336 F.3d 375 (5th Cir. 2003) .................................................................................5

*Williams v. WMX Techs., Inc.*,
    112 F.3d 175 (5th Cir. 1997) .............................................................................5, 12

*Wilson v. Hewlett Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ..................................................................12, 13, 14

**Statutes**

Cal. Health & Safety Code § 116825.............................................................................16

Defendant New Millennium Concepts, Ltd. ("NMCL") moves to dismiss the Class Action Complaint (Dkt. 1, "Complaint") filed by Plaintiffs Tara Farrell, Henly Velarde, and Douglas Wells ("Plaintiffs") pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## PRELIMINARY STATEMENT

NMCL is a family-owned business that has provided industry-leading water filter systems for twenty-three years. NMCL's water filter systems use proprietary technology to dramatically reduce contaminants in water, making non-potable water potable. NMCL has verified the performance of its water filter systems through independent, accredited third-party laboratory testing, and NMCL publishes the results from its testing on its website so customers can review the raw data regarding the performance of its products. Never before has any regulatory authority or another plaintiff challenged the performance of NMCL's products.

But now, Plaintiffs are on the second iteration of this putative class action before a second Court.[1] Plaintiffs—who each purchased only a single type of water filter system or component part sold by NMCL—purport to bring this nationwide class action lawsuit on behalf of individuals who purchased one of *many* different types of water filter products sold by NMCL. Plaintiffs allege NMCL misrepresented how its water filter systems perform, and they base their claims on laboratory testing commissioned by their counsel. But Plaintiffs' claims suffer a fatal defect— Plaintiffs tested the wrong product. They tested a product (i) they did not purchase, (ii) NMCL prohibits from sale in California where each Plaintiff resides, and (iii) designated for residential and outdoor use unlike the outdoor-only system that two of the Plaintiffs purchased.[2] Because the

---

[1] *See Farrell v. New Millennium Concepts, Ltd.*, No. 2:21-cv-0075 (E.D. Cal.) (first-filed case that Farrell voluntarily dismissed); *Farrell v. New Millennium Concepts, Ltd.*, No. 2:21-cv-01691 (E.D. Cal.) (second-filed case that Judge Mendez transferred to this Court).

[2] The third Plaintiff does not allege that he purchased any water filter system.

Plaintiffs' factual allegations (i.e., testing) do not match their claims (i.e., products), Plaintiffs do not adequately allege that NMCL made any misrepresentations to Plaintiffs. This requires dismissing all of Plaintiffs' claims.

Plaintiffs' claims should be dismissed for additional, independent reasons.

- **Puffery**: The Challenged Representations are too general to be actionable. Descriptors like "filter," "remove," "dramatically," and "greatly" are not capable of being proved false. The Complaint does not even try to define what they mean, because it can't—the terms are too vague.

- **No Knowledge**: Plaintiffs do not adequately plead NMCL knew that its representations were allegedly false. Plaintiffs do not identify any studies, tests, or complaints that would have caused NMCL to know such—much less any that NMCL knew about at the time the representations were allegedly made to the Plaintiffs.

- **No Reliance**: Plaintiffs do not adequately allege they relied on NMCL's representations when buying the products. They plead no facts to support which representations they relied on, or when, where, or how they relied on them.

For these reasons and more, the Court should dismiss Plaintiffs' claims in their entirety with prejudice.

## FACTUAL BACKGROUND[3]

NMCL is a Texas company that manufactures gravity-fed water filter systems with proprietary, contaminant-reducing technology. Plaintiff Tara Farrell allegedly purchased a Travel Berkey, an NMCL water filter system, in or around October 2019 from Amazon. Compl. ¶ 8. Plaintiff Henly Velarde allegedly purchased a Travel Berkey in or around May 2020 from a dealer of NMCL products. *Id.* ¶ 9. Plaintiff Douglas Wells allegedly purchased NMCL's filters, called

---

[3] This summary comes from the allegations in the Complaint and properly-considered websites. The Court can and should consider the websites cited herein because they are "referred to" in the Complaint, "central to [Plaintiffs'] claims," and/or judicially noticeable. *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 2020 WL 5627224, at *3 (N.D. Tex. Sept. 10, 2020) (subsequent history omitted); *Brooks v. United Dev. Funding III, L.P.*, 2020 WL 6132230, at *33-34 (N.D. Tex. Apr. 15, 2020); *Sheppard v. Tex. Dep't of Transp.*, 158 F.R.D. 592, 595-98 (E.D. Tex. 1994). (For citations, all internal citations and quotation marks are omitted and emphasis is added.)

Purification Elements, from Amazon in and around January 2020, and he apparently did not purchase an NMCL water filter system. *Id.* ¶ 10. NMCL's product packaging describes the rates at which the products remove certain contaminants from water. *Id.* ¶ 23. It also refers customers to NMCL's website, where customers may view certain accredited third-party laboratory test results confirming the rates at which NMCL's products remove contaminants from water. *Id.*[4]

Plaintiffs allege that the marketing and labeling for the Travel Berkey and Purification Elements—as well as for five other NMCL water filter systems Plaintiffs never purchased—made the following three alleged misrepresentations regarding the products:

- **The "Purification Representation"**: The products constitute "purification" systems. Compl. ¶ 4.

- **The "Contaminant-Reduction Representation"**: The products "remove" or "dramatically" or "greatly" "reduce" contaminants, *id.*, and contaminants are removed at certain rates. *Id.* ¶ 21.

- **The "Longevity Representation"**: The products purify and/or filter water for 3,000 gallons per Purification Element. *Id.* ¶ 4.

(collectively, the "**Challenged Representations**"). Plaintiffs fail, however, to allege any specific facts showing that the products they purchased fail to perform consistent with the Challenged Representations. Rather, Plaintiffs' claims rest entirely on testing that Plaintiffs' lawyers purportedly conducted on a different product—the Crown Berkey. That testing is not relevant here, for several reasons: (1) it occurred roughly one year after Plaintiffs purchased their products, (2) none of the Plaintiffs purchased the Crown Berkey, (3) the Crown Berkey is designated for both residential and outdoor use, whereas the Travel Berkey is designated only for outdoor use,[5] and

---

[4] *Black Berkey® Purification Elements Test Results*, New Millennium Concepts, Ltd., http://berkeywaterkb.com/black-berkey-purification-elements-test-results/ (last visited April 21, 2022).

[5] *See Multi-Use Systems*, New Millennium Concepts, Ltd., https://www.berkeywater.com/multi-use-systems/ (last visited April 21, 2022); *Crown Berkey System (6 gal)*, New Millennium

(4) NMCL prohibits the Crown Berkey from being sold in California, where the Plaintiffs reside. As NMCL's website states:[6]



Policy Regarding Sales of Berkey® Products to Residents of California and Iowa

**California residents:**

Berkey® multi-use systems, shower filters, shower filters with massage heads, and shower filter cartridges are not sold to residents of California. These include:

- Big Berkey® System
- Royal Berkey® System
- Imperial Berkey® System
- Crown Berkey™ System
- Berkey Shower Filter™
- Berkey Shower Filter™ with Massage Head
- Berkey® Inline Shower Filter With Berkey® Easy-Replace Shower Filter Cartridge
- Berkey® Easy-Replace Shower Filter Cartridge

The Complaint offers no explanation as to why Plaintiffs failed to test the specific products they allegedly purchased, or even a system that was authorized for sale in California, designated for the same type of use, or purchased at the relevant time.

The Complaint also fails to allege any facts indicating that NMCL knew any of its representations were allegedly false. Plaintiffs do not identify any studies, tests, or complaints— or any other information, for that matter—that could give rise to any inference that NMCL knew a representation allegedly was not true.  The Complaint likewise is devoid of any facts to support an allegation that Plaintiffs relied on NMCL's representations when they bought the products.

**ARGUMENT**

## I.    Legal standards

Plaintiffs cannot state a claim through "labels and conclusions" or "a formulaic recitation

---

Concepts, Ltd., https://www.berkeywater.com/crown-berkey-system-6-gal/ (last visited April 21, 2022); *Outdoor Systems*, New Millennium Concepts, Ltd., https://www.berkeywater.com/outdoor-systems/ (last visited April 21, 2022).

[6] *See Policy Regarding Sales of Berkey® Products to Residents of California and Iowa*, New Millennium Concepts, Ltd., https://www.berkeywater.com/ca-ia-sales-policy (last visited April 21, 2022).

of the elements" of a claim, and the Court cannot accept as true "a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If Plaintiffs only plead "factual content" to suggest the *possibility* of a violation—rather than a "reasonable inference that the defendant is liable"—the claim must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Allegations grounded in fraud, however, are subject to the "heightened particularity" requirement of Rule 9(b). *Ranieri v. AdvoCare Int'l, L.P.*, 336 F. Supp. 3d 701, 712 (N.D. Tex. 2018). To satisfy this heightened standard, Plaintiffs must state with particularity what statements were fraudulent and why, who made the statements and to whom, and where and when the statements were made. *See U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 384 (5th Cir. 2003) (discussing the "'who, what, when, where, and how' of the alleged fraud"); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Where, as here, a plaintiff's claims arise from the "same set" of allegedly fraudulent conduct, Rule 9(b) applies to each claim even if "not technically termed fraud." *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003), *opinion modified on denial of reh'g,* 355 F.3d 356 (5th Cir. 2003); *Grimes v. Nationwide Prop. & Cas. Ins. Co.*, 2011 WL 13248993, at *3 (S.D. Tex. Nov. 22, 2011) (holding the requirements of Rule 9(b) "apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud").[7]

To be sure, each of Plaintiffs' claims arises from the core allegation that NMCL made deceptive and fraudulent misrepresentations about its products.[8] *See, e.g.*, Compl. ¶ 2 ("As a result

---

[7] *Cf. Am. Realty Tr., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 752 (N.D. Tex. 2005) (applying Rule 9(b) to non-fraud claims "intertwined" with a fraud claim); *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177 (5th Cir. 1997) (same); *Biliouris v. Sundance Res., Inc.,* 559 F. Supp. 2d 733, 737 (N.D. Tex. 2008) (dismissing claim based on the same operative facts as a fraud claim that failed to satisfy Rule 9(b)); *Kougl v. Xspedius Mgmt. Co.*, 2005 WL 1421446, at *5-6 (N.D. Tex. June 1, 2005) (same).

[8] Plaintiffs assert common law claims for breach of express warranty, breach of implied warranty

of Defendant's *fraudulent* marketing scheme, . . . *defrauded* consumers . . . ."); *id.* ¶ 62 at 63 (requesting punitive damages for an alleged breach of express warranty as a result of alleged "*fraudulent* conduct"); *id.* ¶ 66 at 64 (same as to alleged breach of implied warranty); *id.* ¶ 67 (alleging NMCL was unjustly enriched by engaging in "*fraudulent*, misleading, and deceptive representations and omissions"); *id.* ¶¶ 72-73 (asserting UCL claim based on "false, misleading, *fraudulent*, and deceptive statements" and a "false and *fraudulent* marketing scheme"); *id.* ¶ 89 ("*Fraudulent* & Material Challenged Representations"); *id.* ¶ 93 ("Defendant's use of the Challenged Misrepresentations to sell the Products violates California Civil Code sections 1572 (actual *fraud*), 1573 (constructive *fraud*), 1709-1710 (*fraudulent* deceit), and 1711 (*deceit* upon the public)."); *id.* ¶ 112 (asserting CLRA claim based on the alleged "false, misleading, deceptive, and *fraudulent* Challenged Representations"). The Complaint uses forms of the term fraud nearly 50 times, and that does not include similar terms like misrepresent and deceive.

In fact, federal district courts in Texas—including in this District—have applied Rule 9(b) to the very UCL, FAL, CLRA, and unjust enrichment claims asserted here.  *See Berry v. Indianapolis Life Ins. Co.*, 2011 WL 3555869, at *7 (N.D. Tex. Aug. 11, 2011) (dismissing UCL, FAL, and unjust enrichment claims, among others, pursuant to Rule 9(b)); *Elson v. Black*, 542 F. Supp. 3d 556, 565 (S.D. Tex. 2021) (dismissing CLRA and UCL claims pursuant to Rule 9(b)). And while there is understandably not an abundance of case law in the Fifth Circuit analyzing these California claims, federal courts in California routinely apply Rule 9(b) to the statutory claims and associated common law claims that Plaintiffs assert. *Rahman v. Mott's LLP*,

---

of merchantability, and unjust enrichment, and statutory claims under California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, "UCL"), False Advertising Law (Cal. Bus. & Prof. Code § 17500, "FAL"), and Consumer Legal Remedies Act (Cal. Civ. Code § 1750, "CLRA").

2014 WL 325241, at *8 (N.D. Cal. Jan. 29, 2014) (stating the Ninth Circuit "has specifically held that Rule 9(b)'s heightened pleading standard applies to claims for violation of the UCL, FAL, or CLRA that are grounded in fraud"); *Weiss v. Trader Joe's Co.*, 2018 WL 6340758, at *2 (C.D. Cal. Nov. 20, 2018) (applying Rule 9(b) and dismissing statutory CLRA, UCL, and FAL claims, as well as common law breach of express warranty, breach of implied warranty of merchantability, and unjust enrichment claims), *aff'd*, 838 F. App'x 302 (9th Cir. 2021).[9] Each of Plaintiffs' claims must satisfy Rule 9(b).

## II.     Each claim must be dismissed because Plaintiffs fail to plead that any Challenged Representation was false.

To establish any of their claims, Plaintiffs must allege that the Challenged Representations were false. But Plaintiffs' allegations of falsity fall short of Rule 9(b)'s exacting standard because they rely on testing of a product that the Plaintiffs did not and could not have purchased. Further, Plaintiffs challenge certain representations that are nonactionable and incapable of being false. Thus, all of Plaintiffs' claims must be dismissed.

### A.     Testing of a wrong product does not allege anything about the falsity of representations related to the products that the Plaintiffs actually purchased.

The centerpiece of Plaintiffs' falsity allegations, and thereby each claim, is the alleged test results for the Crown Berkey system—a product Plaintiffs did not purchase and which NMCL specifically prohibits from being sold in California. Yet the Court should not make "unwarranted

---

[9] *See also Kerkorian v. Samsung Elecs. Am., Inc.*, 2019 WL 6918293, at *3 (E.D. Cal. Dec. 19, 2019) (similar); *Arabian v. Organic Candy Factory*, 2018 WL 1406608, at *3 (C.D. Cal. Mar. 19, 2018) (similar); *In re Hydroxycut Mktg. & Sales Pracs. Litig.*, 801 F. Supp. 2d 993, 1005, 1008 (S.D. Cal. 2011) (similar). Where relevant Fifth Circuit case law is sparse, this brief cites to federal courts in California because the bulk of consumer class actions are brought in California and the named Plaintiffs' claims may arise under California law. To be clear, however, that California law may govern the claims of these named Plaintiffs who reside in California does not mean that California law applies to the claims of putative class members outside of California.

deductions" or "strain to find inferences favorable to the plaintiffs." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

To start, the Complaint has no factual basis to support any alleged falsity. The Complaint lacks any specific allegations regarding the efficacy or filtration capabilities of the Travel Berkey system or the standalone Purification Elements Plaintiffs purchased. The "disconnect between the representation at issue and what the studies cited by [Plaintiffs] actually show" suggests Plaintiffs' "claims may be wholly speculative" and should be dismissed under Rule 9(b). *See Eckler v. Wal-Mart Stores, Inc.*, 2012 WL 5382218, at *6-7, *8 n.10 (S.D. Cal. Nov. 1, 2012) (dismissing claims where plaintiff failed to cite any studies "examining the effectiveness of the actual Product in providing the benefits actually represented on the Product label"). This would not even satisfy the Rule 8(a) standard, because the Court cannot "reasonably infer" from a study of a different product that NMCL "has engaged in false or deceptive advertising on the basis of the facts alleged. And that means dismissal" of all claims "is proper." *Id.*; *see Spector v. Mondelez Int'l, Inc*., 2017 WL 4283711, at *5 (N.D. Ill. Sept. 27, 2017) (holding that "Plaintiff's false advertising claim [did] not meet the Rule 8(a) standard articulated by *Iqbal*, much less Rule 9(b)'s requirement that the circumstances constituting fraud must be stated with particularity," where plaintiff based her allegations on test results for a product not at issue in the case).

In addition to needing a factual basis for falsity, the Complaint also must allege *why* the challenged statements were false. *Berry v. Indianapolis Life Ins. Co*., 638 F. Supp. 2d 732, 738 (N.D. Tex. 2009). And the explanation of "why" must address the challenged products. *See Grimm v. APN Inc.*, 2017 WL 6398148, at *6 (C.D. Cal. Aug. 31, 2017) (dismissing UCL, FAL, and CLRA claims where plaintiff "describes what terms on [defendant's] labels were misleading, but she does not describe why they are misleading"). Plaintiffs' reliance on tests of the Crown

Berkey—a product they did not and could not have purchased—are inadequate to demonstrate *why* NMCL's representations regarding the products Plaintiffs actually purchased are false. As one court has explained, resting falsity allegations on this kind of test is a "problem for [Plaintiff]" because "none of the[] studies actually involved [the product at issue]." *Eckler*, 2012 WL 5382218, at *6. Indeed, articles and tests that "raise questions regarding the truth" of a company's statements but "do[] not specifically address [the actual] product," simply "fail[] to satisfy Rule 9(b)." *Dyson, Inc. v. Garry Vacuum, LLC*, 2011 WL 13268002, at *11, *16 (C.D. Cal. Jan. 4, 2011); *see Eckler*, 2012 WL 5382218, at *6-7, *8 n.10 (dismissing claims where the plaintiff failed to cite any studies examining the actual product); *Padilla v. Costco Wholesale Corp.*, 2013 WL 195769, at *4 (N.D. Ill. Jan. 16, 2013) (dismissing claim because the plaintiff "has failed to make any connection between the clinical studies that he cites and the actual representations appearing on the . . . product label").

Even if Plaintiffs did not base each claim on allegedly fraudulent conduct, Plaintiffs' falsity allegations would nevertheless fail under Rule 8(a). Under Rule 8(a), Plaintiffs must still allege facts sufficient to *plausibly* infer that the asserted test "*directly* support[s] [their] allegation of falsity." *Spector*, 2017 WL 4283711, at *7. But a test or analysis made "in reference to a product not at issue here . . . is not direct evidence of falsity." *Id.* Plaintiffs' study, which tested a product they did not purchase, provides no basis under any standard for the Court to reasonably infer that NMCL's representations were false. As such, dismissal is required.

Moreover, Plaintiffs' conclusory allegation that the tested and purchased products were substantially similar does not salvage their claims. *See Spector*, 2017 WL 4283711, at *5, *7 (where plaintiff relied on tests of a different-sized product not at issue in the case, her allegations required "a leap [ ] made through nothing but speculation" to reach her conclusion of falsity);

Compl. ¶ 41. The Crown Berkey and Travel Berkey offer different designs, operations, and uses. Unlike the outdoor-only products Plaintiffs purchased, the Crown Berkey is a much larger multi-use system designated for both residential and outdoor use. Because of these differences between the Crown Berkey and the products Plaintiffs purchased, the Crown Berkey is not authorized for sale in California. Put simply, a product that is expressly prohibited from sale in Plaintiffs' home state cannot be substantially similar to the products permitted for sale there. As demonstrated above, Plaintiffs cannot point to the test of *a different product* to support their falsity allegations.

Left without any other explanation for why NMCL's claims are false, Plaintiffs have failed to adequately plead falsity, and their claims must be dismissed.

### B. The Challenged Representations are vague, generalized statements that cannot be proved false.

Next, Plaintiffs' claims must be dismissed because the Challenged Representations are too vague and generalized to be actionable. To be an actionable affirmative misrepresentation, a statement must be a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 496 (5th Cir. 2000); *Presidio Enters., Inc. v. Warner Bros. Distrib. Corp.*, 784 F.2d 674, 679 (5th Cir. 1986) ("A statement of fact is one that (1) admits of being adjudged true or false in a way that (2) admits of empirical verification."). Statements are not actionable where they consist of "inherently vague and generalized terms" and are "not factual representations that a given standard has been met." *Vitt v. Apple Comput., Inc.*, 469 F. App'x 605, 607 (9th Cir. 2012).

Plaintiffs apparently do not contest that NMCL's products remove contaminants, as Plaintiffs' test results confirm as much. Instead, Plaintiffs claim that NMCL misrepresented that its products (i) are "water 'purification' systems or water 'purifiers'" that (ii) "'dramatically' or 'greatly' reduce contaminants" (iii) for a certain number of uses. Compl. ¶¶ 4, 19, 21, 24. Courts

10

have repeatedly held that vague and generalized terms like these—purify, filter, remove, dramatically, and greatly—are not actionable. In *Elson*, for example, the Court found very similar statements nonactionable: that a product will "reduce," "virtually eliminate," and "eliminate" cellulite. *Elson v. Black*, 542 F. Supp. 3d 556, 561 (S.D. Tex. 2021), *appeal filed*, No. 21-20349 (5th Cir. July 7, 2021); *see, e.g.*, *Pizza Hut*, 227 F.3d at 496 (holding that the slogan "Better Ingredients. Better Pizza." was too vague and generalized to be actionable); *Presidio*, 784 F.2d at 679 (holding that words like "amazing," "perfect," "wonderful," and "excellent" are "mere puffing or dealer's talk"); *Riviana Foods, Inc. v. Golden Star Trading, Inc.*, 2020 WL 6153602, at *10 (S.D. Tex. Apr. 6, 2020) (holding "Prime Grade" is "general, subjective, and not quantifiable"); *Greater Hous. Transp. Co. v. Uber Techs., Inc.*, 155 F. Supp. 3d 670, 684-85 (S.D. Tex. 2015) (holding claims of "safest" ride service that consumers can "trust" are not capable of being proved false).

Courts in California, where the Plaintiffs live and purchased the products, agree. In *Vitt*, for example, the Ninth Circuit held that descriptors such as "durable," "portable," "rugged," "built to withstand reasonable shock," "reliable," and "high performance" were generalized, nonactionable puffery. 469 F. App'x at 607; *see Cirulli v. Hyundai Motor Co.*, 2009 WL 5788762, at *3 (C.D. Cal. June 12, 2009) (holding that a statement about a vehicle's "excellent design, construction, and safety" is nonactionable); *In re Sony Grand WEGA KDF–E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1089 (S.D. Cal. 2010) (holding that statements about televisions' "high" or "superior picture quality" are nonactionable).

Like the statements in these cases, the general descriptors here like "purify," "filter," "remove," "dramatically," and "greatly" are subjective and nonactionable. Indeed, Plaintiffs are unable to define what these terms mean because the terms are too vague. If they cannot be defined,

they cannot be proved false.[10] Accordingly, the Court should dismiss Plaintiffs' claims. *Cf. Williams*, 112 F.3d at 178 (stating that when alleged fraud "walks close to non-actionable expression of opinion, 9(b) takes on especial force").

### III. Each claim must be dismissed because Plaintiffs fail to plead that NMCL knew any alleged representation was false.

Plaintiffs do not adequately plead that NMCL knew its representations were false or that there was any alleged defect in its products. An "indispensable" element of fraud is "knowledge" of falsity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003). So, Plaintiffs must plead that NMCL knew its representations were false because, as explained in Part I, Plaintiffs' claims are grounded in fraud.  More specifically, Plaintiffs must sufficiently allege the following:

- **UCL claim**: NMCL "had knowledge of the basic facts that rendered [its] statements misleading at the time the statements were made" or that NMCL "was aware of the defect when Plaintiffs purchased [the defective product]." *Punian v. Gillette Co.*, 2015 WL 4967535, at *12 (N.D. Cal. Aug. 20, 2015).

- **CLRA claim**: NMCL "was aware of a defect at the time of sale." *Wilson v. Hewlett Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012).

- **FAL claim**: NMCL "knew [or should have known] that any allegedly false or misleading statements were false or misleading when made." *Punian*, 2015 WL 4967535, at *9; *see Abramson v. Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1067 (C.D. Cal. 2016) (dismissing FAL claim where plaintiffs did not "adequately allege that [defendant] knew or should have known that the statement was untrue or misleading").

- **Common law claims**: NMCL knew its representations were false when made, because

---

[10] If Plaintiffs allege that NMCL promised "pure water" free of anything but $H_2O$ by calling their products "water purifiers," the Purification and Longevity Representations still fail. First, NMCL never promised pure $H_2O$—that is just Plaintiffs' characterization of what NMCL actually said. *E.g.*, Compl. ¶¶ 19-20. Second, according to Plaintiffs, the Contaminant-Reduction Representation only promised to reduce contaminants by a certain percent—and at times no more than 80%—so no reasonable consumer could have expected pure $H_2O$. Compl. ¶ 4; *Sandwich Chef of Tex., Inc. v. Reliance Nat'l Indem. Ins. Co.*, 319 F.3d 205, 218-19 (5th Cir. 2003) (holding that "[k]nowledge of the truth defeats a claim of fraud"); *Swearingen v. Healthy Beverage, LLC*, 2017 WL 1650552, at *5 (N.D. Cal. May 2, 2017) (holding claim is nonactionable "where Plaintiffs acknowledge that they were aware of the true nature of [the representation]").

each of Plaintiffs' common law claims is grounded in the same fraudulent conduct as the statutory claims above. *See supra* Part I.

Although a plaintiff must only generally plead "knowledge," the allegations "must still satisfy the plausibility standard of Rule 8, and conclusory statements are insufficient." *See, e.g.*, *Enea v. Mercedes-Benz USA, LLC*, 2019 WL 402315, at *5 (N.D. Cal. Jan. 31, 2019) (dismissing UCL and CLRA claims for failing to plausibly allege defendant's knowledge of product defect); *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (requiring plaintiff to plead knowledge under Rule 8).

Plaintiffs fail to allege any facts supporting their allegation that NMCL knew (or, with respect to the FAL claim, should have known) that the Challenged Representations were allegedly false. Plaintiffs cite no studies, tests, or customer complaints that were inconsistent with NMCL's representations *and* communicated or even available to NMCL. Plaintiffs do not (and could not) allege that the testing their counsel performed—on a different product, approximately one year after Plaintiffs purchased their products—was available to NMCL when the Plaintiffs purchased the products. *See Tomek v. Apple Inc.*, 636 F. App'x 712, 713-14 (9th Cir. 2016) (affirming dismissal of CLRA and UCL claims where plaintiff failed to allege specific facts indicating the defendant knew its advertisements were misleading at the time plaintiff purchased the product); *Wilson*, 668 F.3d at 1147-48 (holding that complaints made over two years after plaintiffs' purchase did "not support an inference that [defendant] was aware of the defect at the time it sold the [product] to Plaintiffs"). Plaintiffs also fail to acknowledge NMCL's own accredited third-party testing made available to the public on NMCL's website. Plaintiffs do not address this testing, much less allege any knowledge contrary to it. Plaintiffs do not identify any facts, such as contradictory studies or tests, that would have caused NMCL to question the accuracy of these independent, third-party tests, including at the time Plaintiffs purchased the products.

In short, Plaintiffs' only allegations on the issue of knowledge consist of legal conclusions. *See, e.g.*, Compl. ¶ 39 ("Defendant knew, or should have known, that the Challenged Representations were false, misleading, deceptive, and unlawful, at the time that the Products were advertised, warranted, and/or sold and, instead, intentionally and deliberately used the Challenged Representations to sell Products regardless."). Plaintiffs' failure to plead facts to support these legal conclusions is fatal to each claim, and each should be dismissed. *See Wilson*, 668 F.3d at 1147-48 (affirming dismissal of CLRA and UCL claims where plaintiff failed to adequately plead defendant's knowledge); *Enea*, 2019 WL 402315, at *5 (holding "conclusory statement that 'Defendants at all relevant times were aware of the defects'" was insufficient to "plausibly allege that Defendants had knowledge of the defects").

## IV.   Each claim must be dismissed because Plaintiffs fail to plead that they relied on NMCL's representations when buying the products.

Plaintiffs do not adequately allege that they relied on NMCL's representations when they bought the products. So, each claim must be dismissed. To sustain their UCL, CLRA, FAL, and unjust enrichment claims based on fraudulent misrepresentations, Plaintiffs must allege with particularity under Rule 9(b) that they actually relied on NMCL's alleged misrepresentations when buying the products. *See Kabbash v. Jewelry Channel, Inc. USA*, 2017 WL 2473262, at *9 (W.D. Tex. June 7, 2017); *In re Arris Cable Modem Consumer Litig.*, 2018 WL 288085, at *8-10 (N.D. Cal. Jan. 4, 2018); *Swearingen v. Healthy Beverage, LLC*, 2017 WL 1650552, at *3-5 (N.D. Cal. May 2, 2017). The same is true for Plaintiffs' express and implied warranty claims because Plaintiffs and NMCL were not in privity of contract. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008); *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1335 (C.D. Cal. 2013) (dismissing express warranty claim for failing to allege reliance where the

parties were not in privity of contract).[11] Plaintiffs fail to plead reliance, let alone with particularity.

In conclusory fashion devoid of *any* factual allegations, Plaintiffs repeatedly claim that each class member "relied on the Challenged Representations in deciding to purchase the Products." Compl. ¶ 113; *see id.* ¶¶ 8(3), 9(3), 10(3), 14(a)(1), 36, 90. Only once in the 80-page Complaint do Plaintiffs allege anything more—and it is not much more. In one unrelated paragraph on personal jurisdiction, Plaintiffs merely allege that "every consumer" relied on the Purification and Contaminant-Reduction Representations on the product "labeling and packaging." *Id.* ¶ 14(a)(3). But dismissal is required because they do not provide any facts, let alone facts specific to Plaintiffs—like when or where they relied on these representations, or how they relied on the packaging of products they bought online and never claim to have seen before purchase. *See In re Arris*, 2018 WL 288085, at *8-10; *Swearingen*, 2017 WL 1650552, at *3-5. Further, this sole paragraph never alleges that they relied on the Longevity Representation. Nor could it. Plaintiffs allege this representation appeared only on NMCL's website, not on the product "labeling and packaging." *Id.* ¶¶ 24, 26(b).[12]

Plaintiffs do not particularly allege that they relied on NMCL's representations when buying the products. Thus, each claim must be dismissed. *Asghari*, 42 F. Supp. 3d at 1335; *Clemens*, 534 F.3d at 1023; *Moore*, 966 F.3d at 1020; *Kabbash*, 2017 WL 2473262, at *9.

## V. Plaintiffs' UCL claim fails because they do not plead an underlying violation of law to sustain it.

Finally, Plaintiffs' UCL claim fails for one final reason. A UCL claim requires either

---

[11] Plaintiffs do not allege privity of contract with NMCL because they can't—they admittedly did not purchase from NMCL. Compl. ¶¶ 8-10.

[12] Plaintiffs never allege to have relied on NMCL's website when purchasing the products, and to the extent they claim otherwise, they do not plausibly allege how they relied on NMCL's website while purchasing the products from *other sellers* who did not sell on that site. Compl. ¶¶ 8-10.

"unlawful, unfair or fraudulent" conduct. *Swearingen*, 2017 WL 1650552, at *3. There was no "fraudulent" misrepresentation for the reasons discussed above, and Plaintiffs do not allege an "unfair" practice that violated antitrust law or otherwise harmed competition. *Id.* That leaves the "unlawful" prong—here, an alleged underlying violation of Cal. Health & Safety Code § 116825. Compl. ¶ 94(a); Dkt. 13 at 5-6. Yet that statute applies to water treatment devices that are sold for *residential use.* Compl. ¶ 94(a); Cal. Health & Safety Code § 116825(a). The Travel Berkey system that the Plaintiffs purchased is an outdoor-only system, not a residential one, so Cal. Health & Safety Code § 116825 does not apply here.[13] The UCL claim should be dismissed.

## VI.     Punitive damages are not available for Plaintiffs' claims.

The Court should dismiss Plaintiffs' requests for punitive damages. Punitive damages are not recoverable under the UCL or FAL, nor for breach of express warranty, breach of implied warranty, or unjust enrichment under California law. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 620 (N.D. Cal. 2007); *Petkevicius v. NBTY, Inc.*, 2017 WL 1113295, at *10 (S.D. Cal. Mar. 24, 2017); *Goel v. Coalition Am. Holding Co.*, 2011 WL 13128300, at *9 (C.D. Cal. July 5, 2011).

That leaves Plaintiffs' claim under the CLRA, which lacks any facts to support punitive damages. To sufficiently plead punitive damages under the CLRA, Plaintiffs must allege facts indicating that an "officer, director, or managing agent" of NMCL acted with fraud or malice. *Roper v. Big Heart Pet Brands, Inc.*, 2020 WL 7769819, at *16 (E.D. Cal. Dec. 30, 2020). Here, Plaintiffs do not allege any facts about NMCL officers, directors, managing agents (or any other NMCL representative, for that matter), let alone that anyone acted with fraud or malice. *See supra*

---

[13] *See* Outdoor Systems, New Millennium Concepts, Ltd., https://www.berkeywater.com/outdoor-systems/ (last visited April 21, 2022).

Part III. Their request for punitive damages under the CLRA should be dismissed along with their other requests for punitive damages.

## CONCLUSION

Plaintiffs base their allegations entirely on testing of a product they did not purchase and that is prohibited from sale in California. Plaintiffs have not demonstrated "*why*" NMCL's representations are false, much less "*how*" NMCL had knowledge of any such falsity. Plaintiffs also have not alleged how vague descriptors like "dramatically" and "greatly" are capable of being proved false, let alone how Plaintiffs relied on those statements when buying the products. For these and the other reasons discussed above, Plaintiffs' Complaint should be dismissed in its entirety with prejudice.

Dated: April 21, 2022                              Respectfully Submitted,

*/s/ Ronald W. Breaux*
Ronald W. Breaux
Texas Bar No. 02937200
Benjamin G. Goodman
Texas Bar No. 24091433
Benjamin B. Breckler
Texas Bar No. 24121922
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
214.651.5000 (phone)
214.651.5940 (fax)
ron.breaux@haynesboone.com
benjamin.goodman@haynesboone.com
benjamin.breckler@haynesboone.com

*Counsel for Defendants*

17

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, the foregoing document was served on all counsel of record via the Court's electronic filing system.

*/s/ Ronald W. Breaux*
Ronald W. Breaux

18