UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TARA FARRELL, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | C.A. No. 3:22-cv-00728-M |
| NEW MILLENNIUM CONCEPTS, LTD., | § § § | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

## **TABLE OF CONTENTS**

I.   Plaintiffs cannot satisfy Rule 9(b) where their allegations rely on tests of the wrong product and they challenge inactionable statements that cannot be proved false. .................... 1

II.  Plaintiffs cannot overcome their failure to plead NMCL's knowledge. .................................... 4

III. Plaintiffs cannot identify particularized facts of reliance in the Complaint. ........................... 7

IV. Plaintiffs do not identify an underlying violation of law to sustain their UCL claim. ............. 8

V.  Plaintiffs' claims for punitive damages should be dismissed. ................................................... 9

VI. Plaintiffs' request for leave to amend should be denied. ........................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burdt v. Whirlpool Corp.*,
  2015 WL 4647929 (N.D. Cal. Aug. 5, 2015) ............................................................................. 6

*Californians for Disability Rights v. Mervyn's, LLC*,
  138 P.3d 207 (Cal. 2006) ........................................................................................................... 6

*Carter v. Target Corp.*,
  541 F. App'x 413 (5th Cir. 2013) .............................................................................................. 3

*Chi. Faucet Shoppe, Inc. v. Nestle Waters N. Am. Inc.*,
  24 F. Supp. 3d 750 (N.D. Ill. 2014) ........................................................................................... 7

*Comm. On Children's Television, Inc. v. Gen. Foods Corp.*,
  673 P.2d 660 (Cal. 1983) ........................................................................................................... 6

*Freeman v. Time, Inc.*,
  68 F.3d 285 (9th Cir. 1995) ....................................................................................................... 4

*Garlough v. FCA US LLC*,
  2021 WL 1534205 (E.D. Cal. Apr. 19, 2021) ....................................................................... 5, 7

*Goldstein v. MCI WorldCom*,
  340 F.3d 238 (5th Cir. 2003) ................................................................................................... 10

*Hawkins v. Kroger Co.*,
  337 F.R.D. 518 (S.D. Cal. 2020) ............................................................................................... 9

*In re Hydroxycut Mktg. & Sales Pracs. Litig.*,
  299 F.R.D. 648 (S.D. Cal. 2014) ............................................................................................... 5

*Kelley v. Corr. Corp. of Am.*,
  750 F. Supp. 2d 1132 (E.D. Cal. 2010) ................................................................................... 10

*Kerkorian v. Samsung Elecs. Am., Inc.*,
  2019 WL 6918293 (E.D. Cal. Dec. 19, 2019) ....................................................................... 2, 7

*Kowalsky v. Hewlett-Packard Co.*,
  771 F. Supp. 2d 1156 (N.D. Cal. 2011) ..................................................................................... 5

*Krieger v. Nick Alexander Imps., Inc.*,
  234 Cal. App. 3d 205 (Ct. App. 1991) ...................................................................................... 9

*Kwan v. SanMedica Int'l, LLC*,
  2015 WL 848868 (N.D. Cal. Feb. 25, 2015) ............................................................................. 2

*Loomis v. Slendertone Distrib., Inc.*,
    420 F. Supp. 3d 1046 (S.D. Cal. 2019) .................................................................................. 2

*Morgan v. AT&T Wireless Servs., Inc.*,
    99 Cal. Rptr. 3d 768 (Cal. App. 2d Dist. 2009).................................................................. 5, 6

*Petkevicius v. NBTY, Inc.*,
    2017 WL 1113295 (S.D. Cal. Mar. 24, 2017) ........................................................................ 9

*R2 Invs. LDC v. Phillips*,
    401 F.3d 638 (5th Cir. 2005) .................................................................................................. 2

*Resnick v. Hyundai Motor Am., Inc.*,
    2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ........................................................................ 5

*Roper v. Big Heart Pet Brands, Inc.*,
    510 F. Supp. 3d 903 (E.D. Cal. 2020) ............................................................................. 9, 10

*Sheppard v. Tex. Dep't of Transp.*,
    158 F.R.D. 592 (E.D. Tex. 1994) ........................................................................................... 3

*Spector v. Mondelez Int'l, Inc.*,
    2017 WL 4283711 (N.D. Ill. Sept. 27, 2017)......................................................................... 1

*Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*,
    2014 WL 3705350 (N.D. Cal. July 24, 2014) ...................................................................... 10

*Waggoner v. Denbury Onshore, L.L.C.*,
    612 F. App'x 734 (5th Cir. 2015) ......................................................................................... 10

*Weiss v. Trader Joe's Co.*,
    2018 WL 6340758 (C.D. Cal. Nov. 20, 2018) ....................................................................... 3

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ................................................................................................ 5

*Young v. U.S. Postal Serv. ex rel. Donahoe*,
    620 F. App'x 241 (5th Cir. 2015).......................................................................................... 10

*Yumul v. Smart Balance, Inc.*,
    733 F. Supp. 2d 1117 (C.D. Cal. 2010) .................................................................................. 8

I.      **Plaintiffs cannot satisfy Rule 9(b) where their allegations rely on tests of the wrong product and they challenge inactionable statements that cannot be proved false.**

Plaintiffs do not dispute that they tested the wrong product (the Crown Berkey)—(i) they did not purchase it, (ii) it has different characteristics and uses than the ones Plaintiffs purchased, and (iii) NMCL prohibits its sale in California where Plaintiffs reside. Instead, Plaintiffs attack a straw person by arguing they need not prove their claims with product testing at the pleading stage. Resp. at 6. NMCL never argued such, and this side-steps the actual pleading issue: Plaintiffs decided to base their allegations on this testing; because they did, that testing must relate to the products Plaintiffs purchased; and because it does not, their Complaint should be dismissed for failing to satisfy Rule 9(b). Mot. at 7-9. Plaintiffs completely ignore several of these on-point cases and do not explain why the others do not apply. *Compare id.*, *with* Resp. at 8 n.6.[1]

Plaintiffs' conclusory assertion that the tested and purchased products are similar does not cure this defect. Resp. at 7-8. Plaintiffs allege that (i) water passes through the filters by force of gravity, and the flow rates and time in contact with the filters impact results; (ii) they tested NMCL's largest system despite purchasing its smallest one; and (iii) the systems have a different number of filters and are made with different materials and characteristics. Compl. ¶¶ 3, 32, 41(g). Yet Plaintiffs simply say *that* these meaningful differences do not matter because the type of filter is the same. *Id.* ¶ 41(g). They never allege *why* differences in volumes, materials, and the like do not matter. *Id.* In fact, if the filter was all that mattered, as Plaintiffs suggest, then the number of filters and filtration speeds would impact results, and it would not make sense that one system is permitted for sale in California while the other is not. *See Spector v. Mondelez Int'l, Inc.*, 2017 WL 4283711, at *5, *7 (N.D. Ill. Sept. 27, 2017) (where plaintiff relied on tests of a different-

---

[1] NMCL raised this threshold issue in this original lawsuit filed over 1.5 years ago yet Plaintiffs still have not tested—or at least disclosed test results for—the actual product they purchased. *See Tara Farrell v. New Millennium Concepts, Ltd.*, No. 2:21-cv-00075 (E.D. Cal. Jan. 14, 2021).

1

sized product not at issue in the case, her allegations required "a leap [ ] made through nothing but speculation" to reach her conclusion of falsity). Instead, Plaintiffs pretend it is NMCL's burden to prove the systems are different, Resp. at 7, when it is really their burden under Rule 9(b) to plead that different systems are the same. They have not, and as a result the more plausible inference is that products with different characteristic perform differently.[2]

Similarly, Plaintiffs' conclusory allegation that the system's design prevents it from performing as represented does not salvage their claims. Resp. at 6-7. "[A]n advertising claim is false [only] if it has 'actually been disproved,' that is, if the plaintiff can point *to evidence* that directly conflicts with the claim." *Kwan v. SanMedica Int'l, LLC*, 2015 WL 848868, at *2, *4 (N.D. Cal. Feb. 25, 2015) (emphasis added). Here, Plaintiffs offer no articles, testing, or other evidence to back up their assertions about the design of the product. *Id.* (dismissing CLRA and UCL claims under Rule 12(b)(6) where plaintiff failed to cite evidence, such as a study demonstrating that the advertised benefits were categorically impossible to achieve); *see R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (courts "will not strain to find inferences favorable to the plaintiffs" or accept "unwarranted deductions"). In any event, Plaintiffs' design theory that an activated carbon filter cannot perform consistent with NMCL's representations is irrelevant (Resp. at 6-7)—NMCL's filters are a proprietary formulation, not activated carbon.[3]

---

[2] To be clear, NMCL disputes the validity of Plaintiffs' test results. But taking Plaintiffs' allegations as true, their failure to test the actual product at issue is fatal to their claims.

[3] *See* What are the Black Berkey® Purification elements made of?, NMCL, berkeywaterkb.com/what-are-the-black-berkey-purification-elements-made-of/ (last visited June 23, 2022); Black Berkey Purification Elements, NMCL, berkeywater.com/black-berkey-elements/ (last visited June 23, 2022). Plaintiffs argue the Court should not consider NMCL's website, citing a California case in which the court took judicial notice of relevant webpages. Resp. at 22 (citing *Moore v. Glaxosmithkline Consumer Healthcare Holdings (US) LLC*, 2021 WL 3524047, at *2 (N.D. Cal. Aug. 6, 2021)); *see Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) (considering defendant's website and Amazon.com listing under doctrine of incorporation-by-reference); *Kerkorian v. Samsung Elecs. Am., Inc.*, 2019 WL 6918293, at *3

Because competent evidence contradicts Plaintiffs' allegations, they must not be taken as true. *Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013) (affirming dismissal where exhibits contradicted complaint's allegations); *Sheppard v. Tex. Dep't of Transp.*, 158 F.R.D. 592, 597 (E.D. Tex. 1994) (same).

Finally, Plaintiffs try to deflect from the fact that general descriptors like "filter," "reduce," "dramatically," and "greatly" are nonactionable statements that are incapable of being proven false. Indeed, while the Motion argues that Plaintiffs have not defined these vague terms (because they can't), Mot. at 10-12, Plaintiffs' Response still does not even try. *See Weiss v. Trader Joe's Co.*, 2018 WL 6340758, at *4-6 (C.D. Cal. Nov. 20, 2018) (dismissing CLRA, UCL, and FAL claims as mere puffery where bottled water claimed it was "water and then some" and would "refresh" and "satisfy"), *aff'd*, 838 F. App'x 302 (9th Cir. 2021).

In fact, the Response devotes a single paragraph to defending the Contaminant-Reduction Representation. Resp. at 14-15. Even that misunderstands or overlooks that NMCL is challenging the representation that NMCL's products "dramatically" or "greatly" reduce contaminants. Mot. at 10-12. The Response's reliance on testing of a different product does not show that phrases like "dramatically" or "greatly" reduce contaminants are capable of empirical verification. *Id*.

Plaintiffs' defense of the Purification Representation is more perplexing. Resp. at 9-13. It ignores the fundamental problem that this claim rests on the mischaracterization that NMCL promised "pure water" free of anything but $H_2O$ when NMCL never did. Mot. at 12 n.10; *Weiss*, 2018 WL 6340758, at *4-6 (dismissing CLRA, UCL, and FAL claims where plaintiff alleged

---

(E.D. Cal. Dec. 19, 2019) (taking judicial notice of information on defendant's website). Plaintiffs ignore the case law from this District and the Fifth Circuit that governs this procedural question and permits consideration of NMCL's website under the doctrine of either judicial notice or incorporation-by-reference. Mot. at 2 n.3. Indeed, Plaintiffs boast that the Complaint "provided more than one hundred links to Defendant's website." Resp. at 16.

bottled water promised certain benefits that it never did). Plaintiffs make another surprising choice in response to the fact that no one could have reasonably expected "pure water" entirely free of contaminants when the Contaminant-Reduction Representation stated that up to 20% of certain contaminants would *not* be removed. Mot. at 12 n.10; *see, e.g.*, Compl. ¶¶ 4, 34.[4] Rather than challenge this logic, Plaintiffs miraculously argue that consumers did not notice the Contaminant-Reduction Representation. Resp. at 11-13. Plaintiffs want it both ways: consumers did not notice this where it would defeat the Purification claims, *id.*, yet they certainly noticed and even relied on it enough to sustain the Contaminant-Reduction claims, *id.* at 15-16. *See Freeman v. Time, Inc.*, 68 F.3d 285, 289-90 (9th Cir. 1995) (affirming dismissal of CLRA and UCL claims because product packaging should be examined in its full context rather than cherry-picked).[5]

Lastly, Plaintiffs devote a single paragraph to defending the Longevity Representation. Resp. at 14. Yet Plaintiffs ignore that this alleged representation—systems "purify water or dramatically or greatly reduce contaminants" for a certain number of uses—relies exclusively on the two other challenged representations and fails for those reasons. Resp. at 3; *see id.* at 9, 14.

**II.     Plaintiffs cannot overcome their failure to plead NMCL's knowledge.**

Plaintiffs concede they must plead knowledge of falsity to support their FAL claim. Resp.

---

[4] Plaintiffs claim dismissal is never appropriate unless it is "impossible" that a "reasonable consumer" was deceived, and the Court must accept their characterization of what a reasonable consumer believed. Resp. at 10. Yet they cite cases addressing reliance, not puffery, and none dealt with contradictory statements right next to the challenged ones. *Id.*; *see infra* n.5.

[5] Even ignoring this blatant contradiction, Plaintiffs' cases relate to an inconspicuous disclaimer hidden in an "asterisk" or "back-label" ingredients list, Resp. at 12-13 & n.9, yet Plaintiffs do not (and cannot) allege the Contaminant-Reduction Representation was either of those. In fact, it was on the very label that Plaintiffs challenge. *E.g.*, Compl. ¶¶ 21-23. Selective cropping and highlighting does not change this. Resp. at 11-12. Nor does it change that the 80 and 87.5 percentages are displayed the same as all of the others under the Heavy Materials header, and that the conspicuous statement that the filter "**REDUCES**" contaminants necessarily means it does not eliminate them. Compl. ¶ 23 (emphasis in original).

at 19-20. And they never dispute that knowledge is required for their common law claims that are based on fraud. *Id.*; *see Garlough v. FCA US LLC*, 2021 WL 1534205, at *6-7 (E.D. Cal. Apr. 19, 2021) (discussing knowledge element while analyzing unjust enrichment claim based on fraud).

Instead, they wrongly argue that they need not plead knowledge to support their CLRA or UCL claims unless those claims are based on an alleged failure to disclose a material latent defect, as opposed to an affirmative misrepresentation. Resp. at 19-20. Yet courts have repeatedly dismissed plaintiffs' CLRA and UCL claims alleging affirmative misrepresentations for failing to adequately plead knowledge. *See, e.g.*, *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1139, 1140-41 (9th Cir. 2012) (affirming dismissal); *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1156, 1163 (N.D. Cal. 2011) (dismissing); *Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *13-14 (C.D. Cal. Apr. 13, 2017) (dismissing).

Further, Plaintiffs ignore that their claims all arise from the same set of alleged fraudulent conduct, and thus Plaintiffs must plead knowledge of the alleged falsity with respect to all of their claims. Mot. at 5-7. Plaintiffs rely on *In re Hydroxycut Marketing & Sales Practices Litigation*, 299 F.R.D. 648, 657 (S.D. Cal. 2014), which actually supports NMCL's position. The court initially observed (contrary to the wealth of authority cited above) that knowledge of a defect "*arguably* only applies to cases involving omission as opposed to active misrepresentation." *Id.* (emphasis added). But critically, the court ultimately concluded that "Plaintiffs must allege facts supporting an inference of knowledge . . . regardless of whether [the applicable law] require[s] knowledge to be established" because the plaintiffs "have chosen to plead a unified course of fraudulent conduct . . . ." *Id.* at 659 (concluding plaintiffs failed to adequately plead knowledge to support CLRA and UCL claims). Such is the case here.[6]

---

[6] Plaintiffs also cite *Morgan v. AT&T Wireless Services, Inc.*, 99 Cal. Rptr. 3d 768 (Cal. App. 2d Dist. 2009). *Morgan* held that a violation of the UCL constitutes a violation of the FAL, *id.* at 788,

5

Yet Plaintiffs do not adequately allege this "indispensable" element of their claims. Mot. at 12. Plaintiffs' noticeable reliance on Rule 8's purportedly "relaxed pleading requirement" does not save its "general allegations." Resp. at 20, 22-23. Courts routinely dismiss these types of claims where plaintiffs fail to adequately plead knowledge because Rule 8 still requires "plausibility," and "conclusory statements are insufficient." Mot. at 13-14. It is not plausible that testing Plaintiffs' counsel performed on a Crown Berkey in late 2020 demonstrates NMCL knew its statements about the Travel Berkey and purification elements were false when the Plaintiffs purchased those products in 2019 and early 2020. *Id.*; Resp. at 21. Nor is it plausible that testing Plaintiffs claim NMCL should have but did not perform demonstrates any knowledge from the results of those unperformed tests. *Id.*; *cf. Burdt v. Whirlpool Corp.*, 2015 WL 4647929, at *4 (N.D. Cal. Aug. 5, 2015) ("Plaintiff must allege more than an undetailed assertion that the testing must have revealed the alleged defect. Otherwise, any consumer could bring a CLRA claim merely by asserting that a manufacturer had knowledge of an alleged defect from its prerelease testing.").[7]

Plaintiffs' final response is that an activated carbon filter cannot perform consistent with NMCL's representations, so NMCL must have known its statements were false. Resp. at 20-21. But NMCL's filters are a proprietary formulation, not simply activated carbon, so these allegations

---

which means knowledge must be required under the UCL because there is no dispute knowledge is required under the FAL. Regardless, the plaintiff in *Morgan* did allege knowledge of falsity, *id.* at 786, and the language Plaintiffs quote traces back to a case that does not support Plaintiffs' position—*Committee On Children's Television, Inc. v. General Foods Corp.*, 673 P.2d 660, 671, 668 (Cal. 1983). *Committee* (i) never held that knowledge of falsity is not required for a UCL claim; (ii) was specifically limited to claims for injunctive relief, unlike Plaintiffs' claims here; (iii) was analyzing an old version of the statute that permitted a plaintiff with no injury to sue on behalf of the general public, unlike now; and (iv) was thus superseded by statute. *Id.*; *see Californians for Disability Rights v. Mervyn's, LLC*, 138 P.3d 207, 209 (Cal. 2006).

[7] Tellingly, Plaintiffs do not claim that the test results from an independent, accredited third-party lab that NMCL publishes on its website made NMCL aware of any alleged misrepresentation. Mot. at 3, 13. Instead, Plaintiffs attack another straw person and claim NMCL's results cannot contradict Plaintiffs' results at the pleading stage, when that is not the point. Resp. at 21-22.

miss the mark. *See supra* n.3. Even if these design allegations mattered, Plaintiffs only plead that the products were incapable of performing as claimed, not that NMCL knew it. Compl. ¶¶ 32-33.[8]

### III. Plaintiffs cannot identify particularized facts of reliance in the Complaint.

Plaintiffs cannot really refute that the Complaint lacks particularized facts of reliance. Their only option is citing vague allegations that each unknown class member "relied on the Challenged Representations in deciding to purchase the Products." Resp. at 15 (citing, *e.g.*, Compl. ¶¶ 8-10, 113). There are no supporting facts, let alone facts particular to any Plaintiff. Mot. at 14-15 (collecting cases); *Kerkorian v. Samsung Elecs. Am., Inc.*, 2019 WL 6918293, at *4-5 (E.D. Cal. Dec. 19, 2019) (holding reliance allegations in support of FAL, UCL, and warranty claims failed to satisfy Rule 9(b)).

Plaintiffs do not even defend their sole allegation with anything more—that "[e]ach and every consumer" relied on the product "labeling and packaging." Compl. ¶ 14(a)(3). There are likely two reasons. First, these allegations are not specific to Plaintiffs, and there are no allegations of when or where the Plaintiffs relied on this packaging or how they relied on the packaging of products they bought online and never claim to have seen before purchase. *See* Mot. at 15; *Garlough*, 2021 WL 1534205, at *6 (holding plaintiff failed to plead reliance because he "never specifies if he in fact saw this [allegedly false advertisement], and if so," "when or where he saw them"); *Chi. Faucet Shoppe, Inc. v. Nestle Waters N. Am. Inc.*, 24 F. Supp. 3d 750, 762-63 (N.D. Ill. 2014) (dismissing consumer claims challenging "100% Natural Spring Water" where plaintiff allegedly viewed defendant's website without describing "who viewed the website, which website was viewed, and when"). Second, basing reliance on the packaging forecloses reliance on the Longevity Representation because

---

[8] Plaintiffs resort to arguing the Court should "infer" NMCL knew it would "mislead" consumers, but those cites do not relate to the element of defendant's knowledge. *See* Resp. at 22 n.19.

Plaintiffs claim that representation only appeared on NMCL's website. Compl. ¶¶ 24, 26(b).[9]

Facing these challenges, Plaintiffs try to shift the focus away from what matters—the allegations of reliance in the Complaint. Plaintiffs spend an inordinate portion of their reliance briefing identifying the alleged misrepresentations—not when, where, how, or why Plaintiffs relied on them. Resp. at 15-17. Then, Plaintiffs argue they do not need to allege particular facts of reliance so long as they identify the alleged misrepresentations. But that would make the reliance element meaningless, and the case they cite does not support it.[10]

Lastly, NMCL never argued that Plaintiffs' "warranty claims fail because the Parties were not in privity of contract." Resp. at. 18. NMCL explained that the warranty claims (like the other claims) must allege the element of reliance with particularity under Rule 9(b) because there is no privity of contract. Mot. at 14-15 & n.11. It is undisputed that Plaintiffs and NMCL were not in privity of contract and that Plaintiffs must allege reliance with Rule 9(b) particularity. *Id.*

## IV.     Plaintiffs do not identify an underlying violation of law to sustain their UCL claim.

Plaintiffs do not dispute that their UCL claim fails to allege a predicate violation under the "unfair" prong of the statute, nor that if their fraud claims fail there is no predicate violation under the "fraudulent" prong. Resp. at 23-24. That leaves the alleged violation of Cal. Health & Safety Code § 116825 under the "unlawful" prong of the UCL statute.

---

[9] Plaintiffs implausibly argue that because *one* Plaintiff allegedly purchased from *amazon.com*, they have adequately alleged that *all* Plaintiffs relied on *berkeywater.com*. Resp. at 17-18 n.13. Plaintiffs then argue that nothing "suggests a plaintiff cannot look at more than one website." *Id.* But it is not NMCL's burden to disprove reliance at the pleading stage, it is Plaintiffs' burden to adequately plead it, and Plaintiffs have not alleged that they relied on "more than one website."

[10] Resp. at 17 (citing *In re Oreck Corp. Halo Vacuum and Air Purifiers Mktg. and Sales Pracs. Litig.*, 2012 WL 6062047, at *1, *15 (C.D. Cal. Dec. 3, 2012) (plaintiffs identified allegedly false statement and "which type of advertising" each saw, including "infomercial," "online video," "late night video advertisement," and more)). In fact, in a case Plaintiffs cite, the court held that very similar allegations of reliance failed to satisfy Rule 9(b). *See Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1123-24 (C.D. Cal. 2010).

Plaintiffs do not dispute that § 116825 only applies to water treatment devices that are sold for *residential* use. *Id.* Plaintiffs' sole response is that NMCL's marketing and sale of its product as an outdoor-only system and not a residential one is "arbitrary" and should be disregarded. *Id.* at 23. This is just one more example of where Plaintiffs want it both ways. Perhaps more importantly, the Complaint alleges no facts indicating that the Travel Berkey is actually sold for residential use, or at the very least why NMCL's sale of its product as an outdoor-only system is irrelevant to whether that product is sold for indoor use. *E.g.*, Compl. ¶ 94. Because each of the Response's arguments on pages 23-24 applies to residential devices, the UCL claim should be dismissed.[11]

## V.     Plaintiffs' claims for punitive damages should be dismissed.

Plaintiffs do not dispute that punitive damages are unavailable for UCL, FAL, or unjust enrichment claims. Resp. at 24-25. And while they argue punitive damages are recoverable for their breach of warranty claims by citing to a case from nearly 40 years ago, *id.* at 24, modern case law is well settled to the contrary. *E.g.*, *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020); *Hawkins v. Kroger Co.*, 337 F.R.D. 518, 530 n.8 (S.D. Cal. 2020); *Petkevicius v. NBTY, Inc.*, 2017 WL 1113295, at *10 (S.D. Cal. Mar. 24, 2017); *Krieger v. Nick Alexander Imps., Inc.*, 234 Cal. App. 3d 205, 212 (Ct. App. 1991).

The only remaining question is whether Plaintiffs have adequately pled punitive damages under the CLRA by alleging facts indicating that an "officer, director, or managing agent" of NMCL acted with fraud or malice. *Roper*, 510 F. Supp. 3d at 925. They do not come close. Plaintiffs point to a single "general allegation" in the Complaint, which states in conclusory fashion

---

[11] Plaintiffs claim that NMCL's website showing the Travel Berkey is not sold for residential use is not judicially noticeable—without citing any authority or rebutting cases in the Motion that hold it is. *Compare* Resp. at 23, *with* Mot. at 2 n.3; *see supra* n.3. Ironically, sentences later Plaintiffs rely on NMCL's website to argue that the Travel Berkey is sold for residential use even though the cited passage never states such, and even though a customer's use of the outdoor-only product indoors is irrelevant to how NMCL intends for customers to use that product. Resp. at 23 n.21.

that the alleged conduct "was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing [agents] of Defendant[]." Resp. at 25. Yet this is insufficient under Rule 8, let alone Rule 9(b). *See Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1147-48 (E.D. Cal. 2010) (finding conclusory assertions of fraud insufficient to allege punitive damages under *Twombly* and *Iqbal*). And Plaintiffs cannot cite to a single alleged *fact* about even one officer, director, or managing agent of NMCL. Resp. at 24-25; *see Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014) ("Plaintiff's failure, then, to include the names or titles of *any* individual actor is a fatal defect in its pleading of 'willful and malicious' conduct."). Instead, Plaintiffs argue that NMCL must have known about and agreed with Plaintiffs' test results. Resp. at 24-25. While untrue and that testing did not even exist at the relevant time, it does not matter because it relates to NMCL, not an officer, director, or managing agent. *See Taiwan*, 2014 WL 3705350, at *6; *Roper*, 510 F. Supp. 3d at 926. All requests for punitive damages should be dismissed.

## VI.     Plaintiffs' request for leave to amend should be denied.

The Court should reject Plaintiffs' boilerplate request for leave to amend. Resp. at 25. Plaintiffs have had ample opportunity to address the deficiencies in their first and second complaints over the past 18 months, which NMCL has now raised in three motions to dismiss for failure to state a claim. Plaintiffs do not identify any new facts or allegations they would make to remedy the Complaint's flaws, nor did they comply with Local Rule 15.1 by attaching a proposed amendment to a motion seeking leave. The Fifth Circuit routinely affirms denial of leave to amend in situations like this. *E.g.*, *Young v. U.S. Postal Serv. ex rel. Donahoe*, 620 F. App'x 241, 245 & nn.7-8 (5th Cir. 2015); *Waggoner v. Denbury Onshore, L.L.C.*, 612 F. App'x 734, 740-41 (5th Cir. 2015); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003).

Plaintiffs' Complaint should be dismissed in its entirety with prejudice.

Dated: June 23, 2022

Respectfully Submitted,

<u>*/s/ Ronald W. Breaux*</u>
Ronald W. Breaux
Texas Bar No. 02937200
Benjamin G. Goodman
Texas Bar No. 24091433
Benjamin B. Breckler
Texas Bar No. 24121922
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
214.651.5000 (phone)
214.651.5940 (fax)
ron.breaux@haynesboone.com
benjamin.goodman@haynesboone.com
benjamin.breckler@haynesboone.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2022, the foregoing document was served on all counsel of record via the Court's electronic filing system.

<u>*/s/ Ronald W. Breaux*</u>
Ronald W. Breaux

**11**