IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TARA FARRELL et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-00728-M |
| | § | |
| NEW MILLENNIUM CONCEPTS, LTD., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is the Motion to Dismiss for Failure to State a Claim, filed by Defendant New Millennium Concepts, Ltd. ("NMCL"). ECF No. 50. The Court heard argument on the Motion on August 31, 2022. The Motion is **DENIED**, except to the extent stated below.

Defendant NMCL is a Texas corporation that sells the following six types of water filtration systems of different physical sizes and water capacities: (1) Big Berkey; (2) Royal Berkey; (3) Imperial Berkey; (4) Crown Berkey; (5) Travel Berkey; and (6) Berkey Light (together, the "Systems"). Each System is equipped with at least one water filter (the "Purification Element").

Plaintiffs Tara Ferrell, Henley Velarde, and Douglas Wells are California consumers. Plaintiffs allege that the Systems are substantially similar. *Id.* ¶ 41. Two of the Plaintiffs each purchased a Travel Berkey, and one purchased a standalone Purification Element, after allegedly relying on the following representations listed on Defendant's websites, the Systems' packaging, and/or the Purification Element's packaging: the Systems (1) "purify" water; (2) "remove," or "dramatically" or "greatly" reduce, contaminants at specific rates of at least 80%; and (3) purify

1

and/or filter water for "3,000 gallons per Purification Element" (together, the "Representations"). *Id.* ¶¶ 19–21, 23-27.

Subsequently, Plaintiffs tested the ability of a Crown Berkey equipped with two Purification Elements to reduce contaminants and simultaneously measured the rate at which the Purification Element filters water. Plaintiffs allege that the test results show Defendant's Representations are false and fraudulent. *Id.* ¶ 31, Exh. 3. Further, Plaintiffs allege that the Purification Element is a carbon filter, which is a type that is incapable of operating as Defendant represents. *Id.* ¶ 32.

Plaintiffs bring this suit on behalf of themselves, as well as a California subclass and national class of consumers who purchased a System or Purification Element sold by Defendant. Plaintiffs assert California state law causes of action of breach of express warranty, breach of implied warranty, and unjust enrichment, and California statutory causes of action under the Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act. Plaintiffs seek recovery of punitive damages pursuant to all of their claims. Defendant moves to dismiss all causes of action under Rule 12(b)(6) and Rule 9(b), and Plaintiffs' claims for punitive damages. The Motion is **DENIED**, except as follows:

The Motion is **GRANTED**, without leave to amend, as to Plaintiffs' claim for punitive damages for unjust enrichment. As a matter of law, "Punitive damages are . . . unavailable in actions 'in equity.'" *Goel v. Coalition Am. Holding Co.*, 2011 WL 13128300, at *9 (C.D. Cal. July 5, 2011) (citing *Van Hoomissen v. Xerox Corp.*, 368 F. Supp. 829, 836 n.5 (N.D. Cal. 1973)) (internal quotations omitted); *see Swofford v. B. and W. Inc.*, 336 F.2d 406, 412 (5th Cir. 1964) ("[A]bsent statute, exemplary damages are awarded only in an action at law."). Unjust enrichment is an equitable cause of action. *Goel,* 2011 WL 13128300, at *9 (internal quotations

omitted). Plaintiffs cannot recover punitive damages for their unjust enrichment claim. The Motion is **GRANTED**, with leave to amend, as to Plaintiffs' claims for punitive damages for their other causes of action. Plaintiffs shall amend their Complaint within 21 days of this Order to plead a specific basis for recovery of punitive damages as to each cause of action. Absent amendment, Plaintiffs' punitive damages claims will all be dismissed with prejudice.

Defendant's Motion to Dismiss is otherwise denied without prejudice to being asserted as a Motion for Summary Judgment after appropriate discovery.

**SO ORDERED**.

March 30, 2023.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE