UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TARA FARRELL, HENLY VELARDE, and DOUGLAS WELLS, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:22-cv-00728-M |
| NEW MILLENNIUM CONCEPTS, LTD., | § § § | |
| Defendant. | § § | |

**DEFENDANT'S REPLY IN SUPPORT OF THE**
<u>**MOTION TO STRIKE NATIONWIDE CLASS ALLEGATIONS**</u>

Defendant New Millennium Concepts, Ltd. ("NMCL") files this reply in support of its motion to strike the nationwide class allegations (the "Motion") asserted by Tara Farrell, Henly Velarde, and Douglas Wells ("Plaintiffs").

## ARGUMENT

**I.     Rule 12(f) has no bearing on this Rule 23(d) motion to strike Plaintiffs' Nationwide Class allegations.**

Plaintiffs' entire response is predicated on a fundamental misapprehension of the basis for NMCL's Motion. *See* Resp. at 2-4. This is not, as Plaintiffs would have it, a Rule 12(f) motion to strike—Rule 12(f) does not even appear in the Motion. Instead, NMCL expressly relied on Rule 23(d) and related case law, which authorize courts to strike class allegations before discovery when the failure to satisfy class requirements is apparent from the face of the pleadings. *See* Mot. at 2-3; *Elson v. Black*, 56 F.4th 1002, 1006 (5th Cir. 2023).

The difference matters because, unlike under Rule 12(f), under Rule 23(d):

- The Motion is not "disfavored"—it is warranted under the rules and case law, FED. R. CIV. P. 23(c)(1)(A), (d)(1)(D); *Elson*, 56 F.4th at 1006;

- Plaintiffs, not NMCL, bear the relevant burden to establish both standing and predominance, *see Singh v. RadioShack Corp.*, 882 F.3d 137, 151 (5th Cir. 2018) (standing); *Elson*, 56 F.4th at 1006 (predominance);

- There is no basis for denying the Motion as untimely filed, *see* Resp. at 2 n.1; and

- Fifth Circuit law clearly establishes the right to strike class allegations. *See Elson*, 56 F.4th at 1006; *Lee v. Samsung Elecs. Am., Inc.*, 2022 WL 4663878, at *2 (S.D. Tex. Sept. 21, 2022) (collecting cases striking class allegations on the pleadings).

These essential differences undermine Plaintiffs' assertions throughout their response.

**II.     Fifth Circuit standing principles foreclose Plaintiffs' attempts to assert claims under the laws of states to which they have no connection.**

The Court should begin with the standing issue because where, as here, the standing of the class representatives is called into question, standing "must be addressed first, prior to deciding class certification" issues. *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 769 (5th Cir. 2020). Plaintiffs' lack of standing to assert the Nationwide Class claims is not a "masquerade." Resp. at 15. NMCL's standing argument is solidly founded on Plaintiffs' allegations, Texas choice of law rules, and a wealth of federal case law.

Plaintiffs allege, and do not assert otherwise in their response, that all acts relevant to their claims occurred in California. *See* Compl. ¶¶ 8-10, 14(a)(1). They charge NMCL with "assum[ing]" that they have no individual standing to bring claims under non-California law, but Plaintiffs present no factual or legal basis for standing to assert their California-centered claims under the laws of any other state. *See* Resp. at 15 n.9.

Nor is it an "assumption" that other states' laws will apply to those who purchased products in any of the other 50 jurisdictions. *Id*. As NMCL pointed out and Plaintiffs ignore, Texas choice of law rules look to the law of the state where the purchase occurred and the harm was suffered in determining warranty and unjust enrichment claims. *See* Mot. at 6 (citing cases). And Plaintiffs cite no authority to support their suggestion that putative class members could assert claims for non-California acts and injuries under California law. *See* Resp. at 15 n.9.

That leaves Plaintiffs back where they started, seeking some basis for standing to bring the Nationwide Class claims based on the laws of states where they do not reside, did not make a purchase, and suffered no harm. Plaintiffs' claim that these facts do not implicate standing is contradicted by numerous federal cases holding otherwise. *See, e.g.*, Mot. at 4-5 & n.1. As even the cases cited by Plaintiffs acknowledge, courts are deeply divided regarding the proper

framework for addressing challenges to the assertion of class claims under other states' laws by named class plaintiffs who have no connection with those jurisdictions. *See Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 93 (2d Cir. 2018) (acknowledging "considerable disagreement over this question in the district courts"). The courts have split regarding whether to resolve the issue under principles of standing ("Standing Cases") or class certification ("Certification Cases"). Ignoring the existence and reasoning of the Standing Cases, Plaintiffs focus exclusively on the Certification Cases favorable to them, but those cases do not apply here. *See* Resp. at 16-23.

The court of appeals cases cited by Plaintiffs have no bearing on this Motion because all of them but *Asacol* and *Langan* involve the application of a single body of law governing all class members.[1] *See* Resp. at 18-19. As such, none of those cases address the standing problems raised when plaintiffs assert class claims under the laws of multiple, unrelated jurisdictions.

*Asacol* is a small step removed from the single-law cases. There, the named plaintiffs asserted claims under state antitrust laws that "parallel" the federal Sherman Act and thus were "materially the same." *In re Asacol Antitrust Litig.*, 907 F.3d 42, 49 (1st Cir. 2018). Recognizing that standing principles may bar class claims where the disconnect between a named plaintiff's claims and the claims of putative class members is too great, the *Asacol* court went on to dismiss

---

[1] *See Novella v. Westchester County*, 661 F.3d 128, 149-50 (2d Cir. 2011) (ERISA); *Boley v. Universal Health Servs., Inc.*, 36 F.4th 124, 133 (3d Cir. 2022) (same); *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998) (same); *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (Illinois Consumer Fraud Act); *B.K. ex rel. Tinsley v. Snyder*, 922 F.3d 957, 963 (9th Cir. 2019) (class limited to Arizona residents asserting federal law claims); *Melendres v. Arpaio*, 784 F.3d 1254, 1258 (9th Cir. 2015) (class limited to residents in a single county asserting federal law claims); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1268-69 (11th Cir. 2000) (class limited to Florida residents asserting federal law claims).

class claims asserted under New York state law because the named plaintiffs' claims did not invoke necessary elements of New York law. *See id*. at 49-50.

That leaves *Langan* and the other Certification Cases, but those cases are based on principles that contradict standing doctrines adopted by the Fifth Circuit. *See* Resp. at 19-23. Under *Langan*, "class action plaintiffs are not required to have individual standing to press any of the claims belonging to their unnamed class members." *Langan*, 897 F.3d at 95. Under Fifth Circuit law and the Standing Cases, by contrast, the named plaintiff must establish standing "for each claim he seeks to press and for each form of relief that is sought." *Daves v. Dallas County*, 22 F.4th 522, 542 (5th Cir. 2022) (en banc) (internal quotation omitted).

This distinction drives the differences in outcome between the Certification and Standing Cases. *See In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litig.*, 2022 WL 736250, at *16-17 (D. Del. Mar. 11, 2022) (Standing Case noting the same distinction and refusing to follow *Langan* and *Asacol*). In the Certification Cases, the courts treat the problems arising from the assertion of out-of-state claims for others as a certification issue because in their view, the named plaintiffs' standing to assert their own claims is all that standing analysis requires in the class context. *See Langan*, 897 F.3d at 94-95; Newberg on Class Actions § 2.6 (6th ed.).

By contrast, the Standing Cases treat the same problem as one of standing because "the threshold question of standing is not satisfied by an assertion of standing on less than all claims." *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 153 n.4 (E.D. Pa. 2009) (rejecting *Langan*-type argument); *see James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001), *abrogated on other grounds by M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832 (5th Cir. 2012) (standing "must be addressed on a claim-by-claim basis"). For each claim, courts must assess the traditional elements of standing—injury, causation, and redressability—in relation to each other and to the claim

4

asserted. *Wellbutrin*, 260 F.R.D. at 152. If there is not a sufficient connection between the alleged injury and the wrongful conduct "that would implicate the laws of those states" in which a class is alleged, then named plaintiffs lack standing to assert those claims. *See id.* at 157; *see also, e.g.*, *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 657 (E.D. Mich. 2011); *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1371 (S.D. Fla. 2001).

This analysis is consistent with Fifth Circuit law and with the Supreme Court's insistence that (1) "a plaintiff must demonstrate standing for each claim he seeks to press," *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006), and (2) the class action context "adds nothing to the question of standing." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (internal quotation omitted). For that reason, courts continue to follow the Standing Cases years after *Langan* was decided. *See, e.g.*, *Sensipar*, 2022 WL 736250, at *17 (expressly rejecting *Langan*'s analysis); *In re Valsartan, Losartan, & Irbesartan Prods. Liability Litig.*, 2021 WL 100204, at *14 (D.N.J. Jan. 12, 2021); *Gordon v. Sig Sauer, Inc.*, 2020 WL 4783186, at *6 (S.D. Tex. Apr. 20, 2020); *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 222-23 (D.N.J. 2020). This Court should do the same.

Having put all their chips on *Langan* and the Certification Cases, Plaintiffs have no fallback position. They do not argue that they satisfy standing requirements for the Nationwide Class claims, nor can they because they have alleged no connection to the laws of any state other than California. Accordingly, their Nationwide Class claims should be stricken for lack of standing. *See, e.g.*, *Gordon*, 2020 WL 4783186, at *6; Mot. at 4-5 & n.1.

**III.  Fifth Circuit precedent supports striking the Nationwide Class allegations for lack of predominance based on the pleadings and before discovery is complete.**

**A.  The Court has authority under Rule 23 and Fifth Circuit law to strike the Nationwide Class allegations now.**

Plaintiffs rely on inapposite case law from out-of-circuit courts while ignoring controlling Fifth Circuit decisions in a vain attempt to postpone a judicial reckoning for their failure as a matter

5

of law to establish predominance. *See* Resp. at 5-9. As an initial matter and as discussed above, Plaintiffs cannot shirk their burden to defend their class allegations based on Rule 12(f) cases because the Motion was filed under Rule 23(d). *See* Resp. at 4-5. Similarly, Plaintiffs cannot escape "rigorous choice of law analysis" and resolution of the predominance issue merely because of the current stage of the proceedings. *See* Resp. at 5-9. The recent Fifth Circuit decision in *Elson* answers each of the questions posed by Plaintiffs regarding the Motion's timing.

Plaintiffs first contend that the predominance issue should be pushed back to the class certification stage, but *Elson* confirms that courts need not wait to assess the class requirements of Rule 23 where "it is apparent from the complaint that a class action cannot be maintained." *Elson*, 56 F.4th at 1006. This does not contradict *Stukenberg* (the only Fifth Circuit case relied on by Plaintiffs on this issue), which merely requires district courts to "look beyond the pleadings" *for the class certification motion*. *See Stukenberg*, 675 F.3d at 837. Thus, in *Elson*, the court affirmed the district court's pre-certification decision to strike class allegations based on the pleadings alone due to the plaintiffs' failure to establish predominance. *Elson*, 56 F.4th at 1007.

Relatedly, Plaintiffs argue that a decision on predominance should await development of a full record through discovery, but once again, *Elson* says otherwise, noting that class allegations may be stricken "before discovery is complete." *Id*. at 1006. That is exactly what happened in *Elson*—the Fifth Circuit affirmed the striking of class allegations even though only "limited discovery" had occurred. *Id*. at 1005.[2]

---

[2] Plaintiffs' plea to delay deciding the Motion in favor of an alleged need for discovery rings hollow given that: (1) NMCL's arguments are based on the pleadings and raise legal issues requiring no factual development, (2) Plaintiffs fail to cite a single fact question raised by NMCL's arguments or otherwise show why discovery is necessary to decide the Motion, and (3) over two years after filing this lawsuit and during eight months of the class certification schedule, Plaintiffs have yet to issue a single discovery request, even though depositions have been available since May 2022 (ECF 53).

6

Finally, Plaintiffs get the burden backward, faulting NMCL for moving to strike based solely on the pleadings with "no evidence" or "rigorous analysis" to support the Motion. Resp. at 7-8 (emphasis omitted). But *Elson* makes clear that "the party seeking certification . . . bears the burden of establishing" the requirements of Rule 23, regardless of the stage in the proceedings. 56 F.4th at 1006-07 (affirming the striking of class allegations based on plaintiffs' failure to meet their burden of showing predominance). Accordingly, the *Elson* court ruled against the plaintiffs in that case for failing to meet their burden "to assure the district court that such differences in state law would not predominate over issues individual to each plaintiff in the litigation" by providing "'an extensive analysis of state law variations' so that the district court could 'consider how those variations affect[ed] predominance.'" *Id.* at 1006 (quoting *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724 (5th Cir. 2007)).

*Elson* conclusively establishes that district courts possess ample authority to strike class allegations based on the pleadings before discovery, and it does not stand alone. Contrary to Plaintiffs' assertion otherwise, district courts "have routinely applied [Rule 23(d)] to actions where a party seeks to strike class allegations because plaintiffs have not met the requirements of Rule 23." *Gordon v. Sig Sauer, Inc.*, 2019 WL 4572799, at *19 & n.11 (S.D. Tex. Sept. 20, 2019) (internal quotation omitted) (collecting cases).[3] The Motion is ripe for decision.

---

[3] *See also, e.g., Lee v. Samsung Elecs. Am., Inc.*, 2022 WL 4663878, at *1-2, 5-7 (S.D. Tex. Sept. 21, 2022) (rejecting argument that motion to strike class allegations was premature and striking nationwide class allegations for lack of predominance); *Gordon v. Sig Sauer, Inc.*, 2020 WL 4783186, at *5-6 (S.D. Tex. Apr. 20, 2020) (dismissing multistate class claims on standing grounds); *Gordon*, 2019 WL 4572799, at *21-22 (striking nationwide class allegations for lack of predominance); *Reedy v. Phillips 66 Co.*, 2018 WL 1413087, at *12-13 (S.D. Tex. Mar. 20, 2018) (rejecting argument that motion to strike was premature and dismissing nationwide class allegations for failure to establish predominance). All of these cases were cited by NMCL, negating Plaintiffs' claim that the Motion relies only on certification cases. *See* Resp. at 9.

### B. The Court should strike the Nationwide Class allegations because Plaintiffs failed to meet their burden to establish predominance.

The Court should apply *Elson* here because Plaintiffs' pleadings and arguments fail as a matter of law to meet their burden to establish predominance. *See Elson*, 56 F.4th at 1006-07.

*First*, in the face of NMCL's showing that variations in the state laws governing the Nationwide Class claims defeats predominance, Plaintiffs failed to meet their obligation "to provide an extensive analysis of state law variations." *Id*. at 1006 (internal quotation omitted). They provided no survey or analysis of "the elements, requirements, and defenses associated with" their claims under the laws of the 51 jurisdictions implicated by the Nationwide Class allegations. *Lee*, 2022 WL 4663878, at *6. Instead, they contented themselves with taking a few potshots at the sampling of variation issues raised by NMCL and asserting that courts have certified similar classes in the past. *See* Resp. at 10-15.[4] That is not enough to carry their burden. *See, e.g.*, *Gordon*, 2019 WL 4572799, at *22 (rejecting argument that "courts regularly certify multistate and nationwide classes" where plaintiff failed to provide an extensive analysis of state-law variations). The Court can and should grant the Motion on this basis alone. *See Elson*, 56 F.4th at 1007; *Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 316 (5th Cir. 2000); *Lee*, 2022 WL 4663878, at *7; *Gordon*, 2019 WL 4572799, at *22.

Plaintiffs attempt to cover up their failure by pointing to the possibility that there is no true conflict of laws, *see* Resp. at 9, but that entirely ignores the cases cited by NMCL from numerous district courts and the Texas Supreme Court recognizing that: (1) the exact claims asserted by

---

[4] Additionally, neither of the two cases cited by Plaintiffs certified a nationwide, 51-jurisdiction class with all of the accompanying state-law conflicts. *See McCumber v. Invitation Homes, Inc.*, 2022 WL 1747855, at *4 (N.D. Tex. May 31, 2022) (in a pre-certification case, denying dismissal because plaintiffs sought ten subclasses, not "a nationwide or multistate class" with the associated "conflict between the various state laws"); *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liability Litig.*, 2011 WL 13152798, at *2 (W.D. Mo. Jan. 7, 2011) (conditionally certifying multiple subclasses of jurisdictions with similar laws).

8

Plaintiffs would trigger the laws of all 51 jurisdictions under Texas choice of law rules, and (2) those laws vary sufficiently to defeat predominance. *See* Mot. at 6 (citing cases).

*Second*, Plaintiffs failed to show that common issues predominate over the undisputed variations in state law governing the Nationwide Class allegations. *See* Resp. at 10-14. Tellingly, Plaintiffs do not even attempt to show uniformity in the laws of the 51 jurisdictions governing their Nationwide Class claims, nor can they. *See* Mot. at 7. Instead, they argue that their allegations avoid all legal conflicts, but the mere fact that they pleaded their case in a certain way does not resolve the problem. That is because the intractable issues of state law variations will necessarily arise when Plaintiffs attempt to prove their allegations. For example, Plaintiffs:

- Assert that their warranty claims allege "strict reliance," thereby defeating predominance because "strict reliance" requires class members "to bring forth evidence of individualized reliance," *Cole*, 484 F.3d at 727;

- Rely on allegations that the products do not perform as warranted to avoid conflicting laws regarding unmanifested defects and presumed merchantability, even though their allegations rely on tests of a different product, and any evidence that the products at issue are not defective will necessarily raise the conflicting laws on these issues;

- Claim no adequate remedy at law in direct conflict with their damages claims for breach of warranty, triggering the conflict in laws regarding unjust enrichment remedies; and

- Assert factual matters, such as direct benefit and deception by NMCL, that once contradicted, will open the door to additional conflicts of law regarding unjust enrichment.

Additionally, Plaintiffs do not dispute that their unjust enrichment claims would fail under the laws of states that do not recognize that as an independent claim. Resp. at 14. This further necessitates an order limiting Plaintiffs' allegations.

Finally, Plaintiffs request leave to amend their complaint should the Court decide to grant the Motion. Resp. at 15. But they provide no explanation for why the Court should grant leave or how amendment would cure the fundamental flaws in their claims. *See Young v. U.S. Postal Serv. ex rel. Donahoe*, 620 F. App'x 241, 245 & nn.7-8 (5th Cir. 2015) (the Fifth Circuit routinely

9

affirms denial of leave to amend where plaintiffs make a boilerplate request, do not identify new facts, and do not comply with local rules by attaching a proposed amendment to a motion). In any event, their request should be viewed in context with the targeted relief sought in the Motion, which would leave the subclass of California law claims intact.

## CONCLUSION AND PRAYER

NMCL respectfully requests that the Court grant the Motion, strike the Nationwide Class allegations, and grant all other relief to which NMCL may be justly entitled.

Date: November 17, 2023

**HAYNES AND BOONE, LLP**

*/s/ Ronald W. Breaux*

Ronald W. Breaux, Esq.
State Bar No. 02937200
ron.breaux@haynesboone.com
Benjamin G. Goodman, Esq.
State Bar No. 24091433
benjamin.goodman@haynesboone.com
Benjamin B. Breckler, Esq.
State Bar No. 24121922
benjamin.breckler@haynesboone.com

2801 N. Harwood St., Suite 2300
Dallas, TX 75201
Tel: (214) 651-5000
Fax: (214) 651-6940

**NORRED LAW PLLC**

Warren V Norred
State Bar No. 24045094
warren@norredlaw.com

515 E Border Street
Arlington, TX 76010
Tel: 817-704-3984
Fax: 817-524-6686

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2023 the foregoing document was served on all counsel of record via the Court's electronic filing system.

*/s/ Ronald W. Breaux*
Ronald W. Breaux